Mercexchange, LLC v. eBay, Inc. et al

Doc. 2

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

3:01 mc 00004

MERCEXCHANGE, L.L.C.,

    Plaintiff,

v.

eBAY INC. AND HALF.COM, INC.,

    Defendants.

Case No. 2:01-CV-736

(Pending the United States
District Court for the Eastern
District of Virginia)

**DEFENDANTS EBAY INC.'S AND HALF.COM, INC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL ALFRED WEAVER TO COMPLY WITH A SUBPOENA DUCES TECUM**

Dockets.Justia.com

I. **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 45 ("rule 45"), defendants eBay Inc. and Half.com, Inc. (together, "eBay") hereby move to compel third party Alfred Weaver to comply with the subpoena *duces tecum* issued on January 12, 2007. eBay further seeks expedited relief on this motion and an order compelling Mr. Weaver to produce all responsive documents on an expedited basis in view of the brief discovery period permitted by the United States District Court for the Eastern District of Virginia (the "EDVA Court").

More specifically, this case is on remand following a trial and appeals in the Court of Appeals for the Federal Circuit and the United States Supreme Court, and the EDVA Court has permitted the parties to take additional discovery—during a very limited time period—to update the record. In its order dated December 18, 2006, the EDVA Court permitted documentary discovery requests to be served by January 12, 2007, with objections and responses due by February 2, 2007. *See MercExchange, L.L.C. v. eBay Inc.*, 2006 U.S. Dist. LEXIS 91059 at *29-30 (E.D. Va. Dec. 18, 2006) (the "Discovery Order") (attached as Exh. 1 to Declaration of Robert W. McFarland ("McFarland Decl.")). Each party then may take up to five depositions to be concluded by March 2, 2007. *Id.* Pursuant to the Discovery Order, eBay served document requests on Mr. Weaver on January 12, 2007, requesting production by January 24, 2007. McFarland Decl. Exh. 2.

Despite the fact that Mr. Weaver is represented by counsel for plaintiffs in this action and is fully aware of these discovery time constraints, he has neither produced nor agreed to produce a single document in response to eBay's subpoena *duces tecum*. In addition, eBay has been attempting to meet and confer with Mr. Weaver's counsel to discuss his objections and failure to respond since January 26, 2007, but Mr. Weaver's counsel has not yet agreed to do so. McFarland Decl. Exh. 3. As the close of discovery looms, eBay respectfully asks this Court to put an end to Mr. Weaver's delay tactics by ordering production of all non-privileged, responsive documents and a privilege log no later than February 9, 2007.

## II. BACKGROUND

### A. The Instant Case

This case began in September 2001, when MercExchange sued eBay for infringement of three of its patents, U.S. Patent 5,845,265 ("the '265 patent"), U.S. Patent 6,085,176 ("the '176 patent"), and U.S. Patent 6,202,051 ("the '051 patent"), in the EDVA Court. Since then, the case has been tried and appealed all the way to the Supreme Court and is now back on remand to the EDVA Court. Aspects of the proceedings relevant to the present motion are summarized below.

Following a jury verdict of infringement in May 2003,[1] the EDVA Court denied MercExchange's request for a permanent injunction based on the traditional, four-factor test for equitable relief. *MercExchange, L.L.C. v. eBay, Inc.*, 275 F. Supp. 2d 695, 715 (E.D. Va. 2003). The Supreme Court ultimately reviewed the permanent injunction ruling, clarified the standard governing the granting or denial of equitable relief in patent cases, and remanded the case for the EDVA Court to reconsider the permanent injunction issue consistent with the clarified standard. *eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

Concurrently with the appeals, in March 2004, eBay asked the United States Patent and Trademark Office ("the Patent Office") to reexamine the validity of the '265, '176, and '051 patents. By June 2004, the Patent Office had granted eBay's reexamination requests, finding substantial questions of patentability as to all three patents. Since that time, the Patent Office has issued numerous rejections against these patents and has not confirmed the validity of any of them.

On remand, the EDVA Court has decided to address two issues before all others: 1) whether to grant or once again deny MercExchange's renewed motion for a permanent

---

[1] Specifically, the jury found the '265 and '176 patents valid and infringed by eBay. Prior to trial, the EDVA Court had granted eBay's motion for summary judgment of invalidity as to the '051 patent. The United States Court of Appeals for the Federal Circuit later held that the '176 patent was invalid as a matter of law and that a triable issue of fact exists as to the validity of the '051 patent. *MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323, 1335, 1337 (Fed. Cir. 2005).

3

injunction; and 2) whether to grant or deny eBay's motion to stay the case pending the outcome of the reexaminations. *MercExchange, L.L.C.*, 2006 U.S. Dist. LEXIS 91059 at *4 (McFarland Decl. Exh. 1). During briefing, both parties submitted new evidence, which led the Eastern District of Virginia to reopen discovery—for a limited time period as discussed above—so that both parties could investigate recent factual developments relevant to the two motions. *Id.* at *29-30.

### B. Specific Relevancy of Mr. Weaver's Evidence

In the Discovery Order, the EDVA Court expressly permitted discovery relating to developments subsequent to August 6, 2003, that are relevant to eBay's motion to stay pending reexamination or to MercExchange's motion for injunction. *Id.* Since the end of trial, MercExchange has repeatedly insisted (*e.g.*, in both of its appellate briefs, and in its currently pending motion for permanent injunction, and even in the media) that eBay still infringes its '265 patent, despite the fact that eBay has since designed around this patent. Further, MercExchange has never once provided any proof of eBay's continued infringement. Mr. Weaver, by serving as MercExchange's primary trial expert on the issue of eBay's infringement and by continuing to support MercExchange by filing declarations on its behalf in front of the Patent Office has voluntarily involved himself in the ongoing dispute over whether or not eBay still infringes the '265 patent. eBay must determine the basis for MercExchange's allegation that eBay continues to infringe the '265 patent. As MercExchange's leading expert of this issue, Mr. Weaver's evidence it central to the determination of whether or not the EDVA court will issue a permanent injunction.

Further, the reexaminations of the '051 and '265 patents (begun after August 6, 2003) and whether a stay is appropriate in light of them are relevant and appropriate topics for discovery. Mr. Weaver, in addition to serving as one of MercExchange's primary experts at trial, also submitted numerous declarations on behalf of MercExchange to the Patent Office to argue the validity of both the '051 and '265 patents during their reexaminations. eBay also must be

allowed discovery from Mr. Weaver in order for eBay to fully investigate the events surrounding the reexamination of the '051 and '265 patents and whether a stay is appropriate,.

### C. eBay's Document Requests

Pursuant to the Discovery Order, eBay served document requests upon Alfred Weaver on January 12, 2007 and requested that Mr. Weaver produce the relevant documents on January 24, 2007. McFarland Decl. Exh. 2. To date, Mr. Weaver has not produced or agreed to produce a single document in response to eBay's request for documents. Instead, eBay has received nothing but a letter dated January 19, 2007, from Hunton & Williams—counsel for plaintiff MercExchange—stating that the firm also represented Mr. Weaver in regard to eBay's document requests, followed by formal objections on January 24, 2007. McFarland Decl. Exhs. 4 and 5. In his objections—served on the deadline for Mr. Weaver to produce responsive documents—Mr. Weaver did not agree to produce responsive documents in response to any of the requests.

In response to Mr. Weaver's objections, eBay's counsel contacted Mr. Weaver's counsel on January 26, 2007, in order to conduct or at least schedule a meet-and-confer to discuss Mr. Weaver's objections and failure to respond to the subpoena. McFarland Decl. Exh. 3. After waiting nearly three weeks in vain for a response, and in view of the limited time to obtain and review Mr. Weaver's documents for use in depositions before March 2, 2007, eBay gave Mr. Weaver's counsel notice of its intent to file the present motion to compel. McFarland Decl. Exh. 6

## III. LEGAL STANDARD

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ." Fed. R. Civ. P. 26(b)(1). Further, under rule 45, parties may serve document requests upon third parties in order to obtain this relevant information. Fed. R. Civ. P. 45. Here, the Discovery Order specifically authorizes discovery of Mr. Weaver. In the event that the third party objects to this discovery, "the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production." Fed. R. Civ. P. 45(c)(2)(B).

In reviewing a motion to compel discovery, the reviewing court should determine "[i]f the documents sought by the subpoena are 'relevant and are sought for good cause.'" *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001) (citation omitted) (McFarland Decl. Exh. 7). If they are, "then the subpoena should be enforced 'unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.'" *Bariteau*, 206 F.R.D. at 130; *see also Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45 (W.D. Va. 2000). To this end, "a request for discovery would be considered relevant if there was 'any possibility' that the information sought may be relevant to the subject matter to the action." *Garrett v. Sprint PCS*, 2002 U.S. Dist. LEXIS 1914 at *3 (D. Kan. Jan. 31, 2002) (citations omitted) (McFarland Decl. Exh. 8). "Thus . . . a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of any party." *Id.* at *4; *see generally Tunnel v. Ford Motor Co..*, 2006 U.S. Dist. LEXIS 18192 (W.D. Va. Apr. 6, 2006) (McFarland Decl. Exh. 9).

## IV. ARGUMENT

### A. eBay's Requests Are Proper, and Mr. Weaver's Objections Cannot Justify His Complete Failure to Comply with the Subpoena.

eBay's requests properly seek relevant, admissible evidence relating to: Mr. Weaver's declarations that were filed during the reexamination of the '051 and '265 patents (requests 2-4); and expert work on behalf of MercExchange since the end of the trial (requests 1 and 5). McFarland Decl. Exh. 2. All of those topics fall squarely within the scope of discovery permitted by the Discovery Order. *See MercExchange, L.L.C.*, 2006 U.S. Dist. LEXIS 91059 at *29-30 (McFarland Decl. Exh. 1). For example, Mr. Weaver's work on the reexaminations is directly relevant to whether a stay should be granted pending reexamination.

In his objections dated January 24, 2007, Mr. Weaver recites a number of general and specific objections in response to eBay's document requests. McFarland Decl. Exh. 5. Most of the objections are boilerplate, without specificity and apparently calculated to delay production. Indeed, particularly in view of the EDVA Court's express authorization to take discovery of Mr.

6

Weaver, no combination of objections can justify Mr. Weaver's failure to produce a single document or privilege log. Moreover, his refusal to meet and confer eliminates any opportunity to evaluate whether any particular objections are valid, but many appear to be unjustified.

For example, Mr. Weaver objects that all of the requests are not reasonably calculated to lead to the discovery of admissible evidence, either generally or within the scope of the Discovery Order. As explained above, however, all of eBay's requests seek discovery of admissible evidence that relates directly to the pending motions. In sum, the discovery eBay seeks from Mr. Weaver is highly relevant to whether the EDVA Court should grant eBay a stay based on the reexamination of the '051 and '265 patents. Moreover, Mr. Weaver has not articulated any specific, undue burden—nor can he. The bulk of his production likely will come from existing files he must maintain as an expert witness in the pending action. Therefore, this objection should be afforded no weight. *See, e.g., Garrett v. Sprint PCS,* 2002 U.S. Dist. LEXIS 1914 at *3 (D. Kan. Jan. 31, 2002) (discovery is granted if there is "'any possibility'" that the information sought may be relevant to the claim or defense of any party.) McFarland Decl. Exh. 8.

Further, many of Mr. Weaver's objections might have been resolved in the meet and confer that his counsel has thus far refused to schedule with eBay's counsel. For example, objections that particular terms are "vague" or "overbroad" (*e.g.*, in response to requests 3-5) could have been discussed and resolved had Mr. Weaver's counsel agreed to do so. The same is true of his objections to producing documents that are not in his possession or are already in eBay's possession, or documents that are beyond the reach of a reasonable search.

Additionally, Mr. Weaver's objections to producing confidential documents is not a proper basis to withhold documents—his counsel also represents MercExchange and has full

7

knowledge of the protective order that protects discovered confidential information from unreasonable disclosure.[2] McFarland Decl. Exh. 10.

Mr. Weaver also objects by stating that eBay's requests are not limited to a timeframe pertinent to the issues before the EDVA Court. However, eBay's definition of "documents" is specifically limited to the relevant timeframe. *See* McFarland Decl. Exh. 2 ("'Document'" is used in the comprehensive sense set forth in Federal Rule of Civil Procedure 34(a) and refers to any document either dated after August 6, 2003 or related to developments or events occurring after August 6, 2003."). Thus, no documents should be withheld based on this objection.

Finally, Mr. Weaver objects to the requests on the basis of attorney-client privilege and the work product doctrine. However, Mr. Weaver cannot possibly argue that this objection applies to every relevant document in his possession, and regardless, he has failed to produce a privilege log specifically documenting his claims of privilege.

In sum, the EDVA Court has granted eBay the opportunity to fully investigate Mr. Weaver's involvement in the reexaminations and his post-trial work for MercExchange, both of which relate directly to the pending motions. eBay must be able to obtain documents from Mr. Weaver in time to review them and use them in its depositions, which must conclude by March 2, 2007. This Court should compel Mr. Weaver's response to eBay's discovery requests because Mr. Weaver has not provided sufficient explanation for his failure to produce any documents.

### B. Given the Brief Discovery Period, the Court Should Order Mr. Weaver to Produce His Documents on an Expedited Basis

Mr. Weaver's failure to comply with eBay's subpoena has prejudiced eBay in its efforts to prepare for depositions that must be completed within a month from now, and any continued delay may make that prejudice irreversible. *See MercExchange, L.L.C.*, 2006 U.S. Dist. LEXIS 91059 at *29-30 (McFarland Decl. Exh. 1). Moreover, it appears that Mr. Weaver's delay tactics are the result of calculated gamesmanship. Given the shortened discovery period in this case,

---

[2] However, given the fact that Mr. Weaver is represented by MercExchange's trial counsel, he should be well aware of the protective order.

8

eBay asked that Mr. Weaver produce his document on January 24, 2007. McFarland Decl. Exh. 2. Instead of making a diligent effort to produce documents that were not subject to a legitimate objection, Mr. Weaver refused to produce any documents until his counsel (*i.e.*, MercExchange's counsel) could meet and confer with eBay's counsel.[3] McFarland Decl. Exh. 4. When eBay's counsel offered to meet and confer, however, counsel for Mr. Weaver and MercExchange ignored the offer. By refusing to produce until a meet and confer can be scheduled and then refusing to meet and confer, MercExchange's counsel has completely stalled eBay's discovery efforts.

eBay simply cannot wait any longer while counsel for Mr. Weaver and MercExchange ignores eBay's legitimate discovery requests. At this time, just a month remains in the limited discovery period set by the Eastern District of Virginia. If the Court does not expedite its decision on this issue, this motion will be moot, as this discovery period will have ended by the time briefing on this issue is final. Given the shortened timeline for discovery on this issue, and Mr. Weaver's failure to cooperate in scheduling a meet and confer, eBay requests that the Court expedite its decision instead of allowing the usual period for opposition filing to run.

## V. CONCLUSION

For the foregoing reasons, eBay Inc. and Half.com, Inc. respectfully request that this Court compel Mr. Weaver to comply with the subpoena *duces tecum* and expedite its decision on this issue.

---

[3] MercExchange's counsel is also serving a counsel to three other third parties in connection with eBay's January 12, 2007 document requests. McFarland Decl. Exhs. 11-13. MercExchange's counsel has similarly refused to produce any documents from these third parties until a meet and confer can be scheduled. McFarland Decl. Exhs. 11-13.

Respectfully submitted,

Dated: February 2, 2007

By Counsel

s/ Meghan M. Cloud
Jeffrey G. Randall
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Ave.
Palo Alto, CA 94301
(650) 470-4500

Allan M. Soobert
Virginia Bar Number 35817
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Ave.
Washington, DC 20005
(202) 371-7000

Robert W. McFarland
Virginia Bar Number 24021
Meghan M. Cloud
Virginia Bar Number 68044
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23150-1655
(757) 640-3700

Attorneys for eBay Inc. and Half.com, Inc.

CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing DEFENDANTS EBAY INC AND HALF.COM, INC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL KENNETH WEAVER TO COMPLY WITH A SUBPOENA DUCES TECUM to be served as follows this second day of February 2007:

VIA HAND DELIVERY:

Gregory N. Stillman, Esquire
Hunton & Williams
SunTrust Center #1000
Norfolk, VA 23510

VIA OVERNIGHT DELIVERY:

Scott L. Robertson, Esquire
Hunton & Williams
1900 K Street, N.W.
Washington, DC 20006

Seth P. Waxman, Esquire
Wilmer, Cutler, Pickering, Hale and Dorr LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006

s/ Meghan M. Cloud

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MERCEXCHANGE, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> eBAY INC. AND HALF.COM, INC., <br><br> Defendants. | Case No. 2:01-CV-736 <br><br> (Pending the United States District Court for the Eastern District of Virginia) |

**DECLARATION OF ROBERT W. MCFARLAND IN SUPPORT OF DEFENDANTS EBAY INC.'S AND HALF.COM, INC'S MOTION TO COMPEL ALFRED WEAVER TO COMPLY WITH A SUBPOENA DUCES TECUM**

I, Robert W. McFarland declare as follows:

1. I am an attorney admitted to practice before this Court. I am an attorney with McGuireWoods LLP, counsel of record for eBay Inc. and Half.com, Inc. in this action. I have personal knowledge of the facts herein and, if called as a witness, could and would testify competently as to their truth.

2. Attached hereto as Exhibit 1 is a true and correct copy of *MercExchange, L.L.C. v. eBay Inc.*, 2006 U.S. Dist. LEXIS 91059 (E.D. Va. Dec. 18, 2006).

3. Attached hereto as Exhibit 2 is a true and correct copy of eBay's Requests for Production to Alfred Weaver, dated January 12, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of a letter from Brian J. Ankenbrandt to Gregory N. Stillman discussing meeting and conferring, dated January 26, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of a letter from Gregory N. Stillman to Jeffrey G. Randall discussing Hunton & Williams' representation of Alfred Weaver, dated January 19, 2007.

6. Attached hereto as Exhibit 5 is a true and correct copy of Alfred Weaver's Objections to eBay's Subpoena Duces Tecum, dated January 24, 2007.

7. Attached hereto as Exhibit 6 is a true and correct copy of a letter from Jeffrey G. Randall to Gregory N. Stillman giving notice of the instant motion, dated February 1, 2007.

8. Attached hereto as Exhibit 7 is a true and correct copy of *Bariteau v. Krane*, 206 F.R.D. 129 (W.D. Ken. 2001).

9. Attached hereto as Exhibit 8 is a true and correct copy of *Garrett v. Sprint PCS*, 2002 U.S. Dist. LEXIS 1914 (D. Kan. Jan. 31, 2002).

10. Attached hereto as Exhibit 9 is a true and correct copy of *Tunnel v. Ford Motor Co.*, 2006 U.S. Dist. LEXIS 18192 (W. D. Va. Apr. 6, 2006).

11. Attached hereto as Exhibit 10 is a true and correct copy of the stipulated protective order signed by this the United States District Court for the Eastern District of Virginia on March 8, 2002 (Dkt. 26).

12. Attached hereto as Exhibit 11 is a true and correct copy of a letter from Gregory N. Stillman to Jeffrey G. Randall discussing Hunton & Williams' representation of Kenneth Nahan, dated January 19, 2007.

13. Attached hereto as Exhibit 12 is a true and correct copy of a letter from Gregory N. Stillman to Jeffrey G. Randall discussing Hunton & Williams' representation of Altitude Capital Partners, dated January 19, 2007.

14. Attached hereto as Exhibit 13 is a true and correct copy of a letter from Gregory N. Stillman to Jeffrey G. Randall discussing Hunton & Williams' representation of Nordlicht & Hand, dated January 22, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on February 2, 2007, at Norfolk VA.

                                                **s/ Robert W. McFarland**
                                                Virginia Bar Number: 24021