# EXHIBIT 2

✇AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| Western | DISTRICT OF | Virginia |

MercExchange, L.L.C.

V.

eBay Inc. and Half.com, Inc.

SUBPOENA IN A CIVIL CASE

Case Number:[1] 2:01-CV-736
Pending in E.D. Va.

TO: Alfred Weaver
1400 Ballard Woods Ct.
Charlottesville, VA 22901-9481

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See the attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., NW, Washington, D.C. 20005 | 1/24/2007 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 1-11-07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jeff Randall of Skadden, Arps, Slate, Meagher & Flom, LLP (Def. Atty.)
525 University Ave., Suite 1100, Palo Alto, CA 94301 Tel. 650-470-4580

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
 DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

Pursuant to Federal Rules of Civil Procedures 34 and 45, defendants eBay Inc. and Half.com, Inc. ("eBay") hereby request that Alfred Weaver produce for eBay's inspection and copying, each and every document and thing in his possession, custody, or control identified and described in the following Document Requests, such items to be produced on January 24, 2007 at 10:00 am, EST at the offices of eBay's counsel, Skadden, Arps, Slate, Meagher, & Flom, 1440 New York Ave., NW, Washington, D.C. 20005, unless otherwise agreed.

I. **DEFINITIONS AND INSTRUCTIONS**

1. "MercExchange" refers to plaintiff MercExchange, L.L.C. and its parents, subsidiaries, affiliates, officers, principals, agents, divisions, departments, partners, predecessors, and successors thereof.

2. "Fish & Richardson" refers to Fish & Richardson and any attorney or employees associated with the firm.

3. The term "subject patents" or "patents in suit" refers to U.S. Patent No. 5,845,265, U. S. Patent 6,085,176, and U.S. Patent 6,202,051.

4. The term "MercExchange Patents" refers to the patents in suit, all patent applications pending before the U.S. Patent and Trademark Office that are owned by or assigned to MercExchange, and all patents under reexamination that are owned by or assigned to MercExchange, including, without limitation, Reexamination Control Nos. 90/006,956; 90/006,984; and 90/006,957.

5. The term "person" means any natural person and any other cognizable entity, including (without limitation) corporations, proprietorships, partnerships, joint ventures,

consortiums, clubs, associations, foundations, governmental agencies or instrumentalities, societies, and orders.

6. The term "communication" means any transmission of information from one person to another by any means.

7. The phrases "relate to," "relating to," or "relates to" shall be construed to mean evidencing, constituting, referring to, comprising, illustrating, recording, memorializing, supporting, or discussing.

8. "Document" is used in the comprehensive sense set forth in Federal Rule of Civil Procedure 34(a) and refers to any document either dated after August 6, 2003 or related to developments or events occurring after August 6, 2003.

9. If you withhold any document because of a claim of privilege, set forth, in writing, the privilege claimed and the facts on which you rely to support the claimed privilege, and furnish a list identifying each document for which privilege is claimed, together with the following information as to each such document: a brief description of its nature and subject matter, including the title and type of document; its date; the name and title of the author(s); the name and title of the person(s) to whom the document is addressed including all persons who received copies; the name and title of the person(s) to whom the document was sent; the number of pages; and the request to which the document is otherwise responsive.

## II. DOCUMENT REQUESTS

**REQUEST NO. 1**

All documents that relate to the MercExchange patents.

**REQUEST NO. 2**

All documents that relate to communications with MercExchange or Fish & Richardson.

**REQUEST NO. 3**

All documents that relate to communications with the Patent Office concerning the MercExchange Patents.

**REQUEST NO. 4**

All documents that relate to materials used to draft your expert declarations filed in the reexaminations of the subject patents (from March 8, 2004 to the present).

**REQUEST NO. 5**

All documents that relate to any analysis or consideration of any infringement by eBay or Half.com of any claim of any of the MercExchange Patents.