# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

MERCEXCHANGE, L.L.C.,

    Plaintiff,

v.

EBAY, INC., HALF.COM, INC., and
RETURNBUY, INC.,

    Defendants.

Case NO. 2:01-CV-736
Pending in E.D. Va.

### RESPONDENT ALFRED WEAVER'S OBJECTIONS TO DEFENDANT eBAY, INC.'S SUBPOENA *DUCES TECUM* AND REQUESTS FOR DOCUMENTS AND THINGS

Respondent Alfred Weaver ("Weaver"), by counsel and pursuant to Fed. R. Civ. P. 45 and Local Rule 26(c) of the United States District Court for the Eastern District of Virginia, serves the following Objections to the Subpoena *Duces Tecum* propounded by Defendant eBay, Inc. and Half.com, Inc. ("eBay").

### GENERAL OBJECTIONS

Weaver hereby states the following objections that apply to all of the requests for documents set forth in eBay's subpoena *duces tecum*:

Pursuant to Fed. R. Civ. P. 45(c), Weaver objects to all of the subpoena's requests for documents on the ground that the subpoena *duces tecum* fails to provide reasonable time for compliance and imposes an undue burden in responding thereto.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent that they seek information or documents that are protected by any applicable privilege or doctrine precluding disclosure, including, without limitation, the attorney-client privilege, the work product doctrine, and/or documents or information prepared or obtained in anticipation of litigation.

- 1 -

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek documents or information that are confidential or proprietary, and/or contain trade secrets of MercExchange or others, or documents and information restricted from dissemination because of confidentiality commitments with other entities.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, as being overly broad, unduly burdensome and oppressive.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek documents or information not relevant to the limited issues pending before the Court and not reasonably calculated to lead to the discovery of admissible evidence. Weaver further objects to the requests as exceeding the scope of discovery permitted by the Court's post-appeal Order and Opinion.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek to impose obligations beyond those imposed by the Local Rules of the United States District Courts for the Eastern and Western Districts of Virginia, the Federal Rules of Civil Procedure, and/or other applicable law.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek documents or information already in eBay's possession, custody, or control.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek documents or information not within his possession, custody, or control.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they seek documents or information beyond what is

available from a reasonable search.

Weaver objects to all of the subpoena's requests for documents, and the definitions and instructions pertaining thereto, to the extent they are unlimited in time or otherwise not limited to a time frame relevant to this action.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Weaver objects to the definition of "MercExchange" as overbroad and including additional entities and individuals that are not parties to this action.

2. Weaver objects to the definition of "MercExchange Patents" as vastly overbroad and encompassing patents and patent applications having no relevance to this action or the limited issues pending before the Court.

3. Weaver objects to definitions 5 through 8 to the extent that their literal application may render a document request overbroad and unduly burdensome.

4. Weaver objects to instruction number nine as imposing burdens beyond those required by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia.

## OBJECTIONS TO REQUESTS FOR PRODUCTION

In addition to the general objections above, which apply to all of the requests of the subpoena, Weaver makes the following specific objections:

**REQUEST NO. 1:**

All documents that relate to the MercExchange patents.

**OBJECTION:**

In addition to the general objections, Weaver objects to the request as vastly overbroad, not likely to lead to the discovery of admissible evidence in light of the limited issues before the Court, and as exceeding the scope of discovery permitted by the Court's post-appeal order. As

such, the request imposes an undue burden on Weaver in responding. Weaver further objects to the request on the ground of the attorney-client privilege and work product doctrine.

**REQUEST NO. 2:**

All documents that relate to communications with MercExchange or Fish & Richardson.

**OBJECTION:**

In addition to the general objections, Weaver objects to the request as vastly overbroad, not likely to lead to the discovery of admissible evidence in light of the limited issues before the Court, and as exceeding the scope of discovery permitted by the Court's post-appeal order. As such, the request imposes an undue burden on Weaver in responding. Weaver further objects to the request as violating the discovery protocol stipulated to in this litigation whereby the parties would not produce draft reports, declarations, and communications, etc., with expert witnesses. Weaver further objects to the request on the ground of the attorney-client privilege and work product doctrine.

**REQUEST NO. 3:**

All documents that relate to communications with the Patent Office concerning the MercExchange patents.

**OBJECTION:**

In addition to the general objections, Weaver objects to the request as overbroad, not likely to lead to the discovery of admissible evidence in light of the limited issues before the Court, and as exceeding the scope of discovery permitted by the Court's post-appeal order. As such, the request imposes an undue burden on Weaver in responding. Weaver further objects to the request as vague and ambiguous with respect to "communications with the Patent Office,"

and as violating the discovery protocol stipulated to in this litigation whereby the parties would not produce draft reports, declarations, and communications, etc., with expert witnesses. Weaver further objects to the request on the ground of the attorney-client privilege and work product doctrine.

**REQUEST NO. 4:**

All documents that relate to materials used to draft your expert declarations filed in the reexaminations of the subject patents (from March 8, 2004 to the present).

**OBJECTION:**

In addition to the general objections, Weaver objects to the request as overbroad, not likely to lead to the discovery of admissible evidence in light of the limited issues before the Court, and as exceeding the scope of discovery permitted by the Court's post-appeal order. As such, the request imposes an undue burden on Weaver in responding. Weaver further objects to the request as vague and ambiguous with respect to "documents that relate to materials used to draft your expert declarations," and as violating the discovery protocol stipulated to in this litigation whereby the parties would not produce draft reports, declarations, and communications, etc., with expert witnesses. Weaver further objects to the request on the ground of the attorney-client privilege and work product doctrine.

**REQUEST NO. 5:**

All documents that relate to any analysis or consideration of any infringement by eBay or Half.com of any claim of any of the MercExchange Patents.

**OBJECTION:**

In addition to the general objections, Weaver objects to the request as vastly overbroad,

not likely to lead to the discovery of admissible evidence in light of the limited issues before the Court, and as exceeding the scope of discovery permitted by the Court's post-appeal order. As such, the request imposes an undue burden on Weaver in responding. There is an affirmed jury verdict that eBay and Half.com willfully infringed MercExchange's '265 Patent. Weaver further objects to the request as vague and ambiguous with respect to "any infringement by eBay or Half.com," and as violating the discovery protocol stipulated to in this litigation whereby the parties would not produce draft reports, declarations, and communications, etc., with expert witnesses. Weaver further objects to the request on the ground of the attorney-client privilege and work product doctrine.

Dated: January 24, 2007

Respectfully submitted,

ALFRED WEAVER

By: /s/ Gregory N. Stillman

Gregory N. Stillman (VSB# 14308)
HUNTON & WILLIAMS, LLP
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Thomas J. Cawley (VSB# 04612)
David M. Young (VSB# 35997)
HUNTON & WILLIAMS, LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
Telephone: (703) 714-7400
Facsimile: (703) 714-7410

Scott L. Robertson
Jennifer A. Albert
Brian M. Buroker (VSB # 39581)
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Attorneys for Respondent
Alfred Weaver

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2007, I caused a copy of the foregoing **RESPONDENT ALFRED WEAVER'S OBJECTIONS TO DEFENDANT eBAY, INC.'S SUBPOENA *DUCES TECUM* AND REQUESTS FOR DOCUMENTS AND THINGS** to be served as follows:

By Hand Upon:

Robert W. McFarland, VSB No. 24021
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

By Overnight Mail Upon:

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005