# EXHIBIT 7

LEXSEE 206 F.R.D. 129

PAUL F. BARITEAU, PLAINTIFF v. LEONARD W. KRANE, et al.,
DEFENDANTS

CIVIL ACTION NO. 3:00CV-218-S

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
KENTUCKY, LOUISVILLE DIVISION

*206 F.R.D. 129; 2001 U.S. Dist. LEXIS 11976*

March 2, 2001, Decided

SUBSEQUENT HISTORY: Related proceeding at *Bariteau v. PNC Fin. Servs. Group, Inc.*, 2006 U.S. Dist. LEXIS 79564 (W.D. Ky., Oct. 30, 2006)

DISPOSITION: [**1] Motion of M-Group International, Inc. to quash the subpoena duces tecum served upon it by the plaintiff, Paul F. Bariteau, on November 20, 2000 DENIED; Motion of the plaintiff, Paul F. Bariteau, for an order holding M-Group International, Inc. in contempt of this court DENIED WITHOUT PREJUDICE; and Motion of the plaintiff, Paul F. Bariteau, to strike the reply brief filed by M-Group International, Inc. DENIED as moot.

COUNSEL: For PAUL BARITEAU, plaintiff: J. Gregory Troutman, Morris, Garlove, Waterman & Johnson, Louisville, KY.

For PAUL BARITEAU, plaintiff: John M. Heaphy, George N. Vurdelja, Vurdelja & Heaphy, Chicago, IL.

For LEONARD W. KRANE, defendant: R. Greg Hovious, Tachau, Maddox, Hovious & Dickens, Louisville, KY.

Leonard W. Krane, defendant, Pro se, Santa Ana, CA.

For PATRICK J. MULVEY, defendant: Marvin L. Coan, David Lee Sage, II, Hummel & Coan, Louisville, KY.

Patrick J. Mulvey, defendant, Pro se, San Diego, CA.

BRUCE SZKLENNIK, defendant, Pro se, Buena Park, CA.

For BERNARD S. SCHERMER, defendant: Mark A. Robinson, James David Ballinger, Wyatt, Tarrant & Combs, Louisville, KY.

For BERNARD S. SCHERMER, defendant: Jack B. Spooner, Wittner, Poger, Spewak, Maylack & Spooner, St. Louis, MO.

For RICHARD WILSON, defendant: John E. Hanley, Valenti, Hanley & Crooks, Louisville, KY.

SUNIE LASKY, defendant, Pro se, Los Angeles, CA.

JUDGES: CHARLES R. SIMPSON III, CHIEF JUDGE, UNITED STATES DISTRICT COURT.

OPINION BY: CHARLES R. SIMPSON III

OPINION:

[*129] MEMORANDUM OPINION

This matter is before the court for consideration of the motion of M-Group International, Inc. ("M-Group") to quash the subpoena *duces tecum* served upon it by the plaintiff, Paul F. Bariteau ("Bariteau") pursuant [*130] to *Fed. R. Civ. P. 45(c)(3)(A)* on November 20, 2000. In response, Bariteau has moved for an order holding M-Group in contempt of this court for failure to comply with a validly issued subpoena. For the reasons set forth below, both motions will be denied.

BACKGROUND

206 F.R.D. 129, *130; 2001 U.S. Dist. LEXIS 11976, **1

Page 2

This discovery dispute arises out of litigation between the plaintiff, Bariteau, and several individuals and entities allegedly involved in defrauding Bariteau [**2] of some $20,000,000. Bariteau alleges that between April of 1998 and October of 1999, he paid roughly $20,000,000 in exchange for an ownership interest in the Military Channel, Inc. Believing that he had been defrauded, Bariteau retained M-Group in an attempt to recover the funds he invested. M-Group holds itself out as "an international collection business" with the "ability to investigate and locate debtors and assets to be collected." M-Group's Reply (DN 47) at 9. On April 20, 2000, John Lally, retained by M-Group and acting as Bariteau's attorney, filed a complaint verified by Bariteau alleging that several defendants variously participated in a scheme, the object of which was to "bilk" Bariteau out of roughly $20,000,000. Essentially, Bariteau's complaint stated that the money paid by Bariteau to Military Channel, Inc. was in fact channeled to individuals and to other business entities created by those individuals solely for that purpose.

While M-Group is not a party to the present suit, Bariteau has separately filed suit against M-Group in Jefferson Circuit Court alleging various claims arising out of the agreement entered into by Bariteau and M-Group. The relief sought by [**3] Bariteau in the state court action includes the cash retainer allegedly paid to M-Group as well as "files, records, etc. pertaining to Bariteau's matters . . .." M-Group Mem. in Supp., Ex. 1 at 9.

In the present action, Bariteau served M-Group with a subpoena *duces tecum* on November 20, 2000. This subpoena sought the production of documents relating to various individuals and entities relevant to his claims against the defendants in this case. This discovery request covers many of the documents sought to be recovered by Bariteau in his state court litigation with M-Group. M-Group seeks to avoid producing these documents under Fed. R. Civ. P. 45 ("Rule 45") on two grounds. First, M-Group argues that considerations of judicial economy and comity justify our refusal to enforce the subpoena. Second, M-Group claims that its compliance with the subpoena would subject it to an undue burden and that, therefore, the subpoena should be quashed pursuant to Rule 45 (c)(3)(A)(iv). Arguing that M-Group has disobeyed a validly issued subpoena without "adequate excuse," Bariteau requests that we find M-Group in contempt of this court pursuant to Rule 45(c).

DISCUSSION

I. M-Group's Motion [**4] to Quash

Faced with a Rule 45 motion to quash a subpoena *duces tecum*, a party seeking the production of documents must make a showing of good cause to justify a need for the production of those documents sought. *See, e.g., Jack Loeks Enterprises, Inc. v. W.S. Butterfield Theatres, Inc., 20 F.R.D. 303, 307 (E.D. Mich. 1957)*. If the documents sought by the subpoena are "relevant and are sought for good cause," then the subpoena should be enforced "unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing." *Covey Oil Co. v. Continental Oil Co., 340 F.2d 993, 997 (10th Cir. 1965)*.

Here, the documents sought by Bariteau relate directly to the claims made by the parties to this litigation. First, the documents may be relevant to the pending motion for sanctions by Beyond Entertainment, Inc., a defendant in this matter, against Bariteau and his former counsel, John Lally. At the heart of Beyond Entertainment's motion is the extent to which Lally investigated Bariteau's claims prior to filing a complaint on his behalf. Because M-Group retained John Lally on behalf of Bariteau, its files and documents [**5] relating to this investigation may indicate the extent to which Lally and M-Group conducted an investigation prior to filing the complaint. If so, they will be instrumental [*131] to Bariteau's defense and will assist this court in its determination.

Second, we find that the materials sought by the subpoena *duces tecum* from M-Group are relevant n1 to the claims contained in Bariteau's Complaint. Bariteau claims that several individuals and entities "bilked" several million dollars from him. Bariteau engaged M-Group to assist in recovering this money. It is logical to conclude that documents produced as a result of an investigation undertaken by M-Group may be relevant to the claims alleged by Bariteau against the defendants in this matter. Therefore, we find that Bariteau has made a showing of good cause to justify the production of the documents listed in the subpoena *duces tecum* served upon M-Group on November 20, 2000.

n1 We note that "relevant" documents are

206 F.R.D. 129, *131; 2001 U.S. Dist. LEXIS 11976, **5

Page 3

those that are "reasonably relevant to the ultimate inquiry." *See Ludlow Corp. v. DeSmedt, 249 F. Supp. 496, 502 (S.D.N.Y. 1966)*.

[**6]

In addition to finding that the documents sought by the contested subpoena are relevant and that Bariteau has made a showing of good cause to justify their production, we find that neither of M-Group's justifications for failing to comply with the subpoena are persuasive. First, considerations of judicial economy and comity do not counsel in favor of our refusing to enforce this subpoena *duces tecum*. The *Younger* abstention doctrine, cited by M-Group as support for its argument that the subpoena should be quashed, is inapplicable to this situation. Under *Younger*, a federal district court may decline to exercise subject matter jurisdiction over a claim which is the subject of a parallel state proceeding. *See Younger v. Harris, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)*. Because Bariteau has asserted no claims against M-Group before this court, the *Younger* abstention doctrine does not apply to this matter.

Second, we do not believe that enforcing this subpoena *duces tecum* subjects M-Group to any undue burden. In fact, M-Group merely asserts that compliance with the subpoena will be unduly burdensome but fails to state grounds supporting [**7] its conclusion. Such conclusory statements, in the absence of supporting evidence, do not warrant the refusal to enforce a validly issued subpoena. *See Long Beach Federal Sav. and Loan Ass'n v. Federal Home Loan Bank Bd., 189 F. Supp. 589, 604 (S.D. Cal. 1960)*.

Finally, M-Group contends in its reply brief that many of the documents referred to in Bariteau's subpoena *duces tecum* are "confidential and in many cases privileged" and that M-Group "has a common law possessory lien on these documents . . .." M-Group Reply (DN 47) at 9. Because these issues were raised for the first time in M-Group's reply brief, Bariteau has not had the opportunity to address them, and therefore, they are not properly before us. *See Wright v. Holbrook, 794 F.2d 1152, 1156 (6th Cir. 1986)*.

II. **Bariteau's Motion to Hold M-Group in Contempt**

*Fed. R. Civ. P. 45(e)* ("Rule 45(e)") provides that the "failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." As discussed in a separately entered memorandum opinion, M-Group's justifications for failing to comply with [**8] the validly issued subpoena *duces tecum* at issue are insufficient to support an order quashing or modifying that subpoena. We now separately consider Bariteau's motion to hold M-Group in contempt for their failure to comply with a validly issued subpoena *duces tecum*.

What constitutes an "adequate excuse" within the meaning of Rule 45(e) is not clear from the rule's language. Commentary which accompanies the rule states that "the issue must always turn on the facts of the particular case . . .." David Siegal, Practice Commentary, *Fed. R. Civ. P. 45* at 395 (West 1992). Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash. *See, e.g., Mattie T. v. Johnston, 74 F.R.D. 498, 500 (N.D. Miss. 1976)*. Indeed, the prevailing view is that a timely objection to a subpoena *duces tecum* is itself an "adequate excuse," precluding a finding of contempt for failure to obey the subpoena. *See Flatow v. The Islamic Republic of Iran, 196 F.R.D. 203, 208 (D.D.C.* [*132] *2000); Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983)*.

Given [**9] that the order entered consonant with this memorandum opinion denies the motion to quash filed by M-Group and compels it to comply with the subpoena at issue, we will, at this time, deny Bariteau's motion for an order holding M-Group in contempt. However, should M-Group fail to comply with the attached order, Bariteau may renew his motion to hold M-Group in contempt of this court.

**CONCLUSION**

For these reasons, M-Group's motion to quash the subpoena *duces tecum* served upon it by Bariteau will be denied, and Bariteau's motion to for an order finding M-Group in contempt of this court will be denied without prejudice.

This 2 day of March, 2001.

CHARLES R. SIMPSON III, CHIEF JUDGE

UNITED STATES DISTRICT COURT

**ORDER**

206 F.R.D. 129, *132; 2001 U.S. Dist. LEXIS 11976, **9

Page 4

Motion having been made, and the court being otherwise sufficiently advised, and for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED AND ADJUDGED that:

1. The motion of M-Group International, Inc. to quash the subpoena *duces tecum* served upon it by the plaintiff, Paul F. Bariteau, on November 20, 2000 is **DENIED**;

2. M-Group International, Inc. shall immediately comply with the subpoena [**10] *duces tecum* served upon Robert C. Hughes, an agent of M-Group, International, Inc., by the plaintiff, Paul F. Bariteau, on November 20, 2000;

3. The motion of the plaintiff, Paul F. Bariteau, for an order holding M-Group International, Inc. in contempt of this court is **DENIED WITHOUT PREJUDICE**; and

4. The motion of the plaintiff, Paul F. Bariteau, to strike the reply brief filed by M-Group International, Inc. is **DENIED** as moot.

This 2 day of March, 2001.

CHARLES R. SIMPSON III, CHIEF JUDGE

UNITED STATES DISTRICT COURT