# EXHIBIT 10

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MERCEXCHANGE, L.L.C.,

      Plaintiff,

v.

                                  Civil Action No. 2:01-CV-736

eBAY INC., HALF.COM, INC., and
RETURNBUY, INC.,

      Defendants.

### [PROPOSED] STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and to protect information of a kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure, pursuant to the Court's authority under Rule 26(c), and with the consent of the parties, IT IS HEREBY ORDERED:

**1.    APPLICABILITY OF THIS PROTECTIVE ORDER.**

This protective Order ("Order") shall govern the production of all information, documents and things, which are subject to disclosure in discovery or submitted to the Court in this action, that a party or non-party has in its possession, custody or control. Information, documents and things designated under this Order shall be used solely for purposes related to the subject matter of this litigation and not for any other purpose. This Order applies with equal force to all information, documents and things derived from such information, documents and things designated under this Order, including but not limited to, copies, summaries, and abstracts of the designated material.

## 2.    DESIGNATION OF MATERIAL.

a.    Any party or non-party that produces or provides protected material or information, documents or things in this litigation may designate such material as either "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" by labeling or marking that material or information in the manner described below in paragraphs 6 and 8. Such a designation of information, documents or things shall constitute a representation that the party or non-party, in good faith, believes that the designation is appropriate and that the material is entitled to the protection provided herein.

b.    The "CONFIDENTIAL - ATTORNEY'S EYES ONLY" provision in this Order shall apply to information, documents or things produced or provided by a party in discovery or submitted to the Court in this action that a party or non-party has in its possession, custody or control, which information, documents or things contain the designating party's or non-party's non-public research, development, commercial or financial information, including without limitation testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, and responses to requests for admissions. A designation of "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be used only with certain limited materials that contain non-public highly sensitive or confidential trade secrets or other highly sensitive research, development, commercial or financial information of the designating party. A designation of "CONFIDENTIAL" shall be used for the purpose of protecting other non-public information of the designating party.

### 3. NON-DISCLOSURE AND NON-USE.

No information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be disclosed to any person except with the prior written consent of the party or non-party originally designating the information, documents or things, or except as hereinafter provided in this Order. Nothing contained in this Order shall affect the right of the producing party to disclose or use for any purpose the information, documents or things produced and/or designated by it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY."

### 4. PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL.

"CONFIDENTIAL" material may be disclosed only to the following persons, unless this Court rules that there may be further disclosure:

a.      Outside counsel of record for the parties to this litigation and employees in each outside counsel's law firms whose functions require access to CONFIDENTIAL material; provided, however, that under no circumstances shall any person who accesses such material participate, during the course of the litigation and for a period of five years following the final resolution of the litigation, in patent application preparation or patent prosecution activities on behalf of any of the parties involved in this litigation; and, in the case of plaintiff MercExchange, LLC, this will also include patent application preparation or patent prosecution activities on behalf of the inventor of the patents in suit, Thomas G. Woolston. Should outside counsel be required to disclose to the U.S. Patent and Trademark Office any CONFIDENTIAL information accessed pursuant to this Order, such counsel shall promptly notify the party or other person that designated the information as CONFIDENTIAL prior to disclosing such information;

b.      One party representative to be designated by each of the following entities who has signed an undertaking in the form of Exhibit A to this Order: MercExchange, LLC, Half.com, Inc., ReturnBuy, Inc., and eBay Inc. Any such representative shall not be involved in patent application preparation or patent prosecution activities on behalf of a party. Should any such representative be required to disclose to the U.S. Patent and Trademark Office any CONFIDENTIAL materials accessed pursuant to this Order, such representative shall promptly notify the party or other person that designated the information as CONFIDENTIAL prior to disclosing such information. The parties agree that Thomas G. Woolston cannot be designated as a party representative under this paragraph;

c.      Any person (i) who appears as an author, sender, addressee or other recipient on the face of a document and is not otherwise shown prior to such disclosure not to have received the document, (ii) who has been shown to have already seen the document or the information therein (unless that person has only seen the document or information in violation of this Order), or (iii) who participated in any meeting or communication to which the document refers;

d.      Non-party experts or independent consultants engaged by outside counsel or the parties to assist in this litigation, provided that each non-party expert or independent consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving discovery materials protected by this Order.    The party proposing to disclose the "CONFIDENTIAL" material to an expert or consultant shall, before disclosing the material to the expert or consultant, submit to counsel for all other parties (1) the expert or consultant's resume, and (2) a description of the relevant employment of the expert or consultant, including a listing of companies and individuals for whom the designated expert or consultant has been employed or consulted with within the preceding five (5) years.  Unless any counsel notifies

4

opposing counsel of its objections to any expert or consultant proposed under this paragraph, including the grounds of the objection, within five (5) business days after service of this information, counsel may disclose "CONFIDENTIAL" materials to that person. If any counsel objects to an expert or consultant under this paragraph, the party objecting to the disclosure to the expert or consultant may, by motion noticed within five (5) business days after notice of the objection, ask the Court to decide whether the expert or consultant may receive "CONFIDENTIAL" material. If a motion is filed, the proposed expert or consultant shall not receive any "CONFIDENTIAL" material unless and until the Court orders that such disclosure may be made;

e.     Any other person to whom the parties stipulate in writing and who signs an undertaking in the form of Exhibit A attached to this Order before receiving discovery materials protected by this Order;

f.     An officer or employee of the United States District Court for the Eastern District of Virginia who is directly concerned with carrying out this action and any other person designated by the clerk;

g.     Qualified persons taking testimony involving such designated material and necessary stenographic and clerical personnel employed thereby (including video technicians); and

h.     Vendors with whom counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents or the creation of demonstrative exhibits.

5.   **PERMISSIBLE DISCLOSURE OF "CONDFIDENTIAL - ATTORNEY'S EYES ONLY" MATERIAL.**

"CONFIDENTIAL - ATTORNEY'S EYES ONLY" material may be disclosed only to those qualified persons identified in paragraphs 4(a), 4(c), 4(d), 4(e), 4(f), 4(g) and 4(h).

6.   **METHOD OF DESIGNATION OF DOCUMENTS.**

a.    General:  For purposes of this Order, the term "document" shall have the full meaning ascribed to it in Federal Rule of Civil Procedure 34, whether produced pursuant to the disclosure requirements of the Federal Rules of Civil Procedure, a Court Order, subpoena, by agreement, or otherwise.   Such documents include interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain information entitled to protection under this Order.

b.    Documents:  A party or non-party producing information may designate such information under this Order by producing copies of the documents marked with a legend reading "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such legends shall be placed upon the first page of each document containing such material and upon each page within such document.   .

Upon request, documents or things shall be made available for an initial inspection by counsel for the requesting (receiving) party prior to the furnishing party producing copies of selected items.  In such cases, only counsel those persons identified in paragraph 4 shall be permitted access to the documents or things, prior to the designation of those documents or things as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the terms of this Order.  Such initial inspection shall not constitute a waiver of confidentiality with respect to any documents or things so inspected.  Information so inspected shall be maintained as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" until

6

the documents are designated by the producing party, at which time the new designation shall govern.

    c.    Magnetic Media Documents: Where information is produced in a magnetic medium (such as a floppy diskette or tape), the cartridge, reel, or medium container shall be marked with the appropriate notice. Where such physical notice is impracticable, the notice required by this Order may be provided in writing simultaneous with, or prior to, the production of the electronically-stored information.

    d.    Physical Exhibits: The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit marked with the appropriate notice.

    e.    Third Party Materials: Any third party from which materials are sought in connection with this action shall be provided with a copy of this Order and notified of the opportunity to designate materials under it. Thereafter, material furnished by a third party will be:

    i.    Treated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" for a period of ten (10) business days from the date of production;

    ii.    At any time before the tenth business day following the date of production, any party to this litigation may specifically designate third party material as it deems appropriate pursuant to this Order. A party who designates third party material must promptly notify in writing all other parties to this litigation of such designation and must include a copy of the third party material, properly marked with such notification. Once such third party material has been specifically designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" pursuant to this paragraph, the remaining provisions of this Order respecting confidential material shall apply;

7

iii.     If third party material has not been specifically designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" by the third party, or by a party within the ten day period, the third party material will lose its temporary "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" designation and will have no designation.

7.     **CANCELLATION OF DESIGNATION.**

A receiving party may request the designating party to redesignate "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" material.  Such request shall be by written notice to counsel for the designating party.  The written notice shall particularly identify the subject matter or document designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" that the receiving party seeks to have redesignated.  The parties shall work together in good faith to resolve all redesignation requests on an informal basis.  If the dispute cannot be resolved informally within five (5) business days, a motion for further disclosure or reclassification may be filed with the Court.  Pending the Court's determination of any motion contesting a confidential designation, the material shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" as indicated by the designating party.  Thereafter, the material shall be treated in accordance with the Court's Order.

8.     **HANDLING MAGNETIC MEDIA.**

If a party produces a magnetic version of any information, and such information is designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," it should be produced according to the following procedures with regard to the protection of that magnetic media:

a.  No copy of the original magnetic media produced ("Original Media") shall be made except as provided in subparagraphs (b) and (c) below (a "copy" would include copying or transferring all, or part, of the magnetic data to another media, such as a diskette or hard disk, except for placement on a server where access to the copy is limited to persons authorized under this Order, or for backups made for disaster recovery purposes);

b.  Two hard copies of the Original Media may be made. Those hard copies must be marked with the same confidentiality legend as the Original Media in accordance with paragraph 6 of this Order. Additional copies may be made only as necessary for use at depositions, hearings, court filings or trial in accordance with the provisions of this Order;

c.  Each party must maintain an internal log of any person who handled the Original Media or receives a magnetic copy of the information contained on the Original Media ("Internal Log");

d.  Within sixty (60) days of the conclusion of the litigation:

   i.  The Original Media must be returned to the producing party; and

   ii.  Each person whose name appears on the Internal Log and counsel must sign a declaration that shall be produced to the producing party certifying that:

   (a)  to the best of that person's knowledge, the Original Media has been returned to the producing party; and

   (b)  every copy, whether whole or partial, of the Original Media has been deleted in its entirety, including the use of a disk utility program, such as Norton Utilities or its equivalent, to rewrite the free disk space so that deleted files may not be recovered.

9.     **CONFIDENTIAL INFORMATION IN DEPOSITIONS.**

a.      A deponent may be shown during a deposition, and examined about, documents and information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" under this Order if the deponent already knows the protected information contained therein, is identified as an author, sender or addressee on the document, or is or has been employed by a party who knows that information, or is an outside expert or consultant and counsel has, if necessary, complied with paragraph 4(b).

b.      Deponents shall not retain or copy portions of the transcript of their depositions that contain protected information not provided by them or the entities they represent.

c.      A deponent who is not a party or a representative of a party shall be furnished a copy of this Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear before being asked to produce potentially confidential information.

d.      Parties and deponents may, at any time during the deposition or within ten (10) business days after receipt of the hard copy transcript, designate portions of the testimony for protection under this Order. This designation period may be shortened for good cause shown, either by stipulation of the parties or by further Order of the Court. Prior to expiration of this designation period, the entire deposition transcript (with the exception of the exhibits to the transcript) which bear a different designation will be treated as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Confidential information within the deposition transcript shall be designated by identifying the pages and lines containing

such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY," and by forwarding such designations to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.

     e.     If no party or deponent timely designates information in a deposition transcript in accordance with this paragraph, then none of the transcript (with the exception of the exhibits) will be protected as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order. Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition.

     f.     Nothing in this section shall be construed to prevent a deponent from reviewing the entirety of his deposition transcript for the purpose of making any necessary and permitted corrections of that transcript.

**10.    CLIENT CONSULTATION.**

     Nothing in this Order shall restrict any counsel from advising its client with respect to this action; and from relying in a general way upon an examination of material designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the contents of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" material.

**11.    FILING**

     Submission of designated material to the Court shall be as follows:

     a.     A party who wishes to lodge or file any paper, pleading or exhibit containing designated material shall state on the first page of the pleading containing such material that the pleading contains such material.

11

b.    A party who lodges or files any paper, pleading or exhibit containing designated material shall submit it to the Court in a sealed envelope or other appropriate sealed container that shall bear the caption of this case, an indication of the nature of the contents of the sealed envelope or other container, and a legend as follows:

> RESTRICTED DOCUMENT -- FILED SUBJECT TO COURT ORDER. THE PAPERS IDENTIFIED ABOVE AND CONTAINED IN THIS ENVELOPE HAVE BEEN DESIGNATED AS CONFIDENTIAL MATERIAL, ARE SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT, AND MAY NOT BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT BY THE COURT, OR PURSUANT TO COURT ORDER.

12.    **USE OF "CONFIDENTIAL" MATERIAL AT HEARINGS OR AT TRIAL.**

Subject to the Federal Rules of Evidence, documents and other information designated under this Order may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives notice, reasonably sufficient to allow any confidentiality to be preserved, to counsel for the party or other person that designated the information. Any party may move the Court for an Order that the evidence be received in camera or under such other conditions as are necessary to prevent inappropriate disclosure. The Court will then determine whether the proffered evidence should continue to be protected under this Order and, if so, what protection, if any, may be afforded to such information at the hearing or at trial.

13.    **SUBPOENA BY OTHER COURTS OR AGENCIES.**

If a third party, another court or an administrative agency subpoenas or Orders production of documents or information designated for protection under this Order which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person that designated the information of the pendency of such subpoena or Order.

12

14. **NO ADMISSIONS.**

    a.    The designation of and/or acceptance of information, documents or things marked as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" materials by any party or non-party shall not constitute an admission or concession that any such designation is appropriate.

    b.    Any party challenging a designation of material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" may move this Court for an Order, as specified in paragraph 7 above, that the designated information, documents or things shall not be protected. If such a motion is made, nothing in this Order shall alter any burden of proof that would otherwise apply in determining whether the information, documents or things are within the scope of Federal Rule of Civil Procedure 26(c)(7). Any information, documents or things covered by the motion shall be protected until the motion is decided.

15. **INADVERTENT DISCLOSURE OF PRIVILEGED OR CONFIDENTIAL INFORMATION.**

    a.    The inadvertent or unintentional disclosure by the producing party of privileged information or confidential information which it believes should have been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of the party's claim of privilege or confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

    b.    If a party through inadvertence produces or provides discovery of any privileged information or confidential information without labeling, marking or designating it as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the producing party

must give written notice to the receiving party or parties within twenty (20) business days following such inadvertent production that the information, document, or thing is privileged or "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY." If the producing party gives written notice that the information, document, or thing is privileged, counsel for the receiving party will promptly return such inadvertently produced information, and all copies thereof, to counsel for the producing party within three (3) days of written notice of the inadvertent production. If the producing party gives written notice that the information, document, or thing is "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the receiving party or parties shall treat such information, document, or thing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" from the date such notice is received.

     c.     Disclosure of such information, document or thing prior to receipt of such notice shall not be deemed a violation of this Order. However, if prior disclosure of such information, document, or thing was made to anyone not authorized to have access to such material under this Order, those persons to whom disclosure was made must be promptly advised that the material disclosed to them is privileged or "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" and must be treated in accordance with this Order.

**16.    EXCEPTIONS.**

     This Order shall not prevent or prejudice any party from applying to the Court for relief from this Order or for further or additional protective Orders, or from agreeing with the other party to a modification of this Order, subject to this Court's approval.

**17.** **RETURN OF DOCUMENTS AFTER DISPOSITION OF THIS CASE.**

a. The provisions of this Order shall not terminate at the conclusion of this action. Upon agreement of all counsel of record or within sixty (60) days after this action finally terminates, either because a settlement agreement has been executed or the case is dismissed, the time to appeal expires, or the appellate mandate issues after an appeal, whichever event shall occur first, any party or other individual who has received materials designated under this Order shall either return all "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" materials, including all copies, abstracts, summaries, or other documents containing information derived from the designated materials (but excluding any materials, which in the judgment of receiving counsel, are work product materials in counsel's possession, custody, or control), to the producing party, or shall certify that the materials were destroyed; provided, however, that one outside counsel of record for each party may retain one copy of all "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" materials, including all court papers, hearing or trial exhibits, and deposition exhibits, solely for reference in the event a dispute arises over the use of information subject to this Order or over compliance with the final judgment or settlement in this action. Termination of this action is defined as being the effective date of a settlement agreement entered into by the parties, or if the case is dismissed or judgment is entered by the Court, the date when the time to appeal expires without an appeal having been filed, the date when an appellate mandate finally disposing of the case issues following an appeal, or the date when no further appeal is available, whichever occurs first.

b. Contemporaneous with the return of documents or certification of their destruction after the termination of this action, receiving counsel shall also provide, at the

producing party's request, copies of all undertakings in the form of Exhibit A which were signed pursuant to the terms of this Order.

**18. NOTICE.**

All notices required by this Order are to be served via facsimile with confirmation by regular mail to the appropriate attorney(s) at Hunton & Williams and Cooley Godward LLP. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was received. However, any notice transmitted on a Saturday, Sunday, federal holiday or after 5:30 p.m. Eastern Standard Time or Eastern Daylight Time shall be deemed to have been received on the next business day. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

**19. NO IMPLIED WAIVER.**

This Order shall not be construed as an agreement by any person to supply any document, as a waiver by any person of the right to object to the production of any document, or as a waiver of any claim of privilege with regard to the production of any document.

**20. CUSTODY OF CONFIDENTIAL INFORMATION.**

a. Information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be maintained at outside counsel's facilities. Information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may also be maintained at an expert's or consultant's facilities if such expert or consultant has been identified and approved pursuant to paragraph 4(d) above.

b. Information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by eBay, Inc., Half.com, Inc., or ReturnBuy, Inc. shall not be electronically or otherwise transmitted, maintained, stored or located at the facilities of MercExchange, L.L.C. Information, documents or things designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" by MercExchange, L.L.C. shall not be electronically or otherwise transmitted, maintained, stored or located at the facilities of eBay Inc., Half.com, Inc., or ReturnBuy, Inc.

c. The provisions of paragraph 20(b) apply to briefs, affidavits, declarations and expert reports to the extent that they contain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information.

21. MODIFICATION OF ORDER.

The Court may modify this Order at any time upon a showing of good cause.

Dated: March 4, 2002

HUNTON & WILLIAMS

_[signature]_

Gregory N. Stillman (VSB # 14308)
K. Reed Mayo (VSB # 26601)
Hunton & Williams
Sun Trust Center
500 East Main Street, Suite 1000
Norfolk, VA 23510
(757) 640-5300

Thomas J. Cawley (VSB # 04612)
David M. Young (VSB # 35997)
Hunton & Williams
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
(703) 714-7400

Scott L. Robertson
Thomas J. Scott, Jr.
Jennifer A. Albert
Emerson V. Briggs, III
Brian M. Buroker (VSB # 39581)
Hunton & Williams
1900 K Street, NW
Washington, DC 20006-1109
(202) 955-1500

Attorneys for Plaintiff

McGUIRE WOODS LLP

_[signature]_

Robert W. McFarland (VSB # 24021)
Steven R. Zahn (VSB # 43332)
McGuireWoods LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655
(757) 640-3700

COOLEY GODWARD LLP

_[signature]_

Jeffrey G. Randall
Chuck P. Ebertin
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 93306
(650) 843-5000

Allan M. Soobert (VSB # 35817)
Cooley Godward LLP
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA 20190

(703) 456-8000

Attorneys for Defendants

18

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Dated: _3/8/0v_                    _____
                                   United States District Judge

## EXHIBIT A

I, _____, declare under penalty of perjury under the laws of the United States of America that:

    1.    My address is: _____

_____.

    2.    My present employer is: _____

_____.

    3.    My present occupation or job description is: _____

_____.

I HEREBY CERTIFY AND AGREE that I (a) have read and understood the terms of the protective order ("Order") in the matter of *MercExchange, L.L.C.* v. *eBay Inc. et al.*, pending in the United States District Court for the Eastern District of Virginia, Civil Action No. 2:01-CV-736, (b) will not use or disclose to anyone any of the contents of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" information designated under the Order except for purposes explicitly allowed by the Order, and (c) agree to be bound by the terms and conditions of the Order.

If I have been retained as an independent expert or consultant pursuant to paragraph 4(d) of the Order, I understand that I am to retain all copies of any of the materials that I receive which have been designated under the Order in a container, cabinet, drawer, room or other safe place that limits access to the materials and that all copies are to remain in my custody until I have completed my duties, whereupon the copies are to be returned to outside counsel or destroyed as specified in the Order. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the continuing confidentiality obligations imposed upon me by the Order.

Dated: _____      Signed: _____