McGuireWoods LLP
Court Square Building
310 Fourth Street N.E., Suite 300
P.O. Box 1288
Charlottesville, VA 22902-1288
Phone: 434.977.2500
Fax: 434.980.2222
www.mcguirewoods.com

Meghan Cloud
Direct: 434.977.2534

mcloud@mcguirewoods.com
Direct Fax: 434.980.2254



February 9, 2007

<u>VIA ECF</u>

The Honorable B. Waugh Crigler
United States District Court for the
    Western District of Virginia
255 W. Main Street, Room 328
Charlottesville, VA 22902

**MercExchange, L.L.C. v. eBay Inc. et al., Case No: 3:07-MC-00004-bwc**

Dear Judge Crigler:

While eBay has yet to receive a copy of MercExchange's formal response referenced in Mr. Stillman's letter to the Court earlier today, I write to correct a misstatement in the letter. The Eastern District of Virginia's December 18, 2006 Order, attached to eBay's motion to compel as McFarland Exhibit 1, did not and could not "establish[] a protocol for all discovery disputes to be referred to Judge Bradberry in Norfolk." The Order simply instructed the parties to contact the Magistrate to discuss a protocol for expedited resolution of discovery disputes. This is obviously limited to disputes regarding the parties' discovery to each other, as the Eastern District does not have jurisdiction to order third parties outside the district to comply with subpoenas issued outside the district.

Consistent with Federal Rule of Civil Procedure 45, eBay sought discovery from entities outside of the Eastern District of Virginia through subpoenas from those entities' home districts, such as the one before the Court. Proceeding in this manner was the only means to obtain such discovery, as none of the third parties resides in the Eastern District of Virginia. Those requests are proceeding in this and other districts, such as the District of Connecticut, which recently entered the attached Order granting eBay's motion to compel a subpoena that MercExchange has objected to on the same grounds it now raises to this Court.

MercExchange's concerns regarding this Court making a relevance determination are similarly overblown. Like the subpoena at issue in the attached Order, the discovery eBay seeks from MercExchange's infringement expert is focused on evidence that Judge Friedman has specifically found is relevant to the two motions before him: "The recurring issue underlying nearly every dispute presently before the court is whether or not eBay has designed around the '265 patent [i.e., no longer infringes]"; "the PTO reexamination proceedings . . . are plainly pertinent to both the motion to stay and motion for an injunction." See Dec. 18, 2006 Order at *23 n.9, *40 (attached as McFarland Declaration Exhibit 1). If Dr. Weaver has documents that

are responsive, they should be produced in accordance with the express terms and purpose of Judge Friedman's December 18, 2006 Order.

Respectfully submitted,

Meghan Cloud

Enclosure

c: Gregory N. Stillman (via e-mail)
Scott L. Robertson (via e-mail)
Seth P. Waxman (via e-mail)