```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MercExchange, LLC,              :
     Plaintiff,                 :
                                :
v.                              :    Case No. 3:07mc38 (JBA)
                                :
eBay, Inc. and Half.Com, Inc., :
     Defendants.                :
```

### RULING ON DEFENDANTS' MOTION TO COMPEL [DOC. #1]

In connection with a civil case currently pending in the Eastern District of Virginia, defendants move pursuant to Fed. R. Civ. P. 45 to compel third party Kenneth Nahan to comply with a subpoena duces tecum issued on January 12, 2007 for documents to be produced by January 24, 2007, over the objections interposed by Mr. Nahan. See Mot. to Compel [Doc. # 1]. Defendants' Motion is being brought in the context of a very limited supplemental discovery period ordered by the Eastern District of Virginia court following remand from the Court of Appeals for the Federal Circuit and the United States Supreme Court, permitting discovery requests to be served by January 12, 2007, with objections and responses due by February 2, 2007, with depositions to be concluded by March 2, 2007.

Mr. Nahan's first response to defendants' subpoena duces tecum was in the form of a letter from his counsel, Gregory Stillman (also counsel for plaintiff the Eastern District of

Virginia action, MercExchange, L.L.C.) , stating that Mr. Nahan objected to the subpoena requests and that he did "not plan on responding to this subpoena until we can have a 'meet and confer' regarding these requests." 1/19/07 Let. [Doc. # 3, Ex. 4]. However, according to defendants, Attorney Stillman has not yet agreed to so meet in confer, as illustrated by the letter written January 26, 2007 by eBay's counsel to Attorney Stillman requesting that a meet and confer be scheduled "as soon as possible" "[i]n view of the brief discovery period." 1/26/07 Let. [Doc. # 3, Ex. 3].

By objections dated January 24, 2007, Attorney Stillman, on behalf of Mr. Nahan, objected to "all of the requests for documents set forth in eBay's subpoena duces tecum," Nahan Obj. [Doc. # 3, Ex. 5] at 1, by interposing both general objections as well as specific objections to individual requests.

Turning to the general objections first, they are unsubstantiated and without merit and will thus be overruled. First, Nahan objects to all of the requests on the basis that the subpoena fails to provide reasonable time for compliance and imposes an undue burden in responding thereto. The time period was 12 days which, while perhaps shorter than the usual notice period, allowed sufficient time for Nahan to respond and produce and was reasonable in the context of the limited discovery period ordered in this case. Next, Nahan objects on grounds of

attorney-client privilege, work product, and/or documents prepared or obtained in anticipation of litigation, but he has failed to produce a privilege log in violation of the specific requirements of Fed. R. Civ. P. 26(b)(5). Nahan also objects on the basis that the requests seek documents or information that are confidential, proprietary, and/or contain trade secrets, or documents and information restricted from dissemination because of confidentiality commitments with other entities, ignoring the protective order in place in this case "to protect information of a kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure," which includes documents and things in the possession, custody, or control of non-parties, as well as parties, and which is signed by Nahan's counsel Attorney Stillman, see Stipulated Protective Order [Doc. # 3, Ex. 12]. Next, Nahan objects to the requests as being overly broad, unduly burdensome and oppressive, contending that they seek to impose obligations beyond those imposed by the Local Civil Rules of the Eastern District of Virginia and the District of Connecticut and the Federal Rules of Civil Procedure, without asserting any grounds for these positions whatsoever. Nahan also objects to the requests on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence, although in fact defendants' requests seek information related to whether the Eastern District of Virginia will grant defendant

3

eBay a stay despite the Nahan's declaration concerning the Newman Video, which eBay contends is false and misleading. Next, Nahan objects on the basis that the requests seek documents or information already within eBay's possession, custody, or control, and/or not within his possession, custody, or control. This objection is one which would likely have been resolved had Nahan's counsel cooperated in meeting and conferring with defendants' lawyers. Moreover, that certain documents or information may already be within the possession, custody, or control is not a basis for Nahan's failure to respond, and Fed. R. Civ. P. 45(a) only requires that individuals produce those documents within their possession, custody, or control. With respect to Nahan's objection on the basis that the requests are unlimited in time or are otherwise not limited to a time frame relevant to this action, while, as defendants concede, it is true that the Eastern District of Virginia limited discovery to the post-August 6, 2003 time period, issues related to Nahan's declaration were specifically excepted from that time frame limitation. See MercExchange, L.L.C. v. eBay, Inc., No. 01cv736, 2006 U.S. Dist. LEXIS 91059, at *39 (E.D. Va. Dec. 18, 2006).

Moving on to Nahan's request-specific objections, as to Request Nos. 1-6 these objections are also without merit and will be overruled. First, as to Nahan's objection to Request No. 1 concerning time frame, as noted supra, the Eastern District of

4

Virginia specifically excepted issues relating to the Nahan declaration from the post-August 6, 2003 limitation. Nahan's objection to Request No. 2's use of the words "displayed or distributed" as vague and ambiguous is baseless because those words carry their ordinary meaning. Nahan's objection to Request No. 3's reference to "[a]ll documents relating to any meeting or call with any eBay attorneys..." as overbroad is also overruled because Nahan offers no support for his claim, and the request is not on its face overly broad in light of defendants' inquiry into Nahan's bias and relationship with plaintiffs' counsel. As to Nahan's objection to Request Nos. 4 and 5 on privilege and work-product grounds, again he has produced no privilege log in violation of Fed. R. Civ. P. 26(b)(5); additionally, the requests are not overbroad and may lead to the discovery of admissible evidence related to the veracity of Nahan's declaration concerning the confidentiality of the Newman Video. As to Nahan's specific objections to Requests Nos. 7-9 which relate to Honicorp/Artsearch, the Court is unable to determine on this record whether these requests are reasonably calculated to lead to the discovery of admissible evidence within the scope of the Eastern District of Virginia's post-appeal discovery order and this subject matter is not addressed in defendants' filing.

Accordingly, defendants' Motion to Compel [Doc. # 1] is GRANTED, and Mr. Nahan is ordered to produce the documents

5

requested in the subpoena <u>duces</u> <u>tecum</u> Request Nos. 1-6 by February 16, 2007 at 9 a.m.  Defendants are directed to serve this order on Mr. Nahan's counsel immediately by fax or e-mail.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 9th day of February, 2007.**