Slip Copy
Slip Copy, 2006 WL 2844400 (E.D.N.Y.)
(Cite as: 2006 WL 2844400 (E.D.N.Y.))

Page 5

edge." Amended Proposed Permanent Injunction 2(c)(7). As this is a characteristic of the infringing Hawk Eye and Mini Hawk Eye mirrors, ¶ 2(c)(7) covers the infringing Hawk Eye and Mini Hawk Eye mirrors. Without resolving the question of whether Mirror Lite has improperly suggested to customers that Rosco is totally out of the business and that all of its Hawk Eye and Mini Hawk Eye mirrors infringe, ¶ 2(b) of the amended proposed permanent injunction, specifically referring to certain Hawk Eye and Mini Hawk Eye mirrors, should also be struck in order to avoid potential misunderstanding on the part of consumers. Specifically naming the Hawk Eye and Mini Hawk Eye models might mislead consumers into thinking that all Hawk Eye and Mini Hawk Eye mirrors are enjoined. It is sufficient to list the characteristics of infringing mirrors, which would preclude the sale of infringing Hawk Eye and Mini Hawk Eye mirrors, but not all mirrors marketed under those names. [FN8]

> FN8. Although Mirror Lite's requested injunction will issue, modified as described above, such injunction will not issue until after the damages are resolved. At oral arguments I raised the issue of whether there was just reason for delay. see Fed.R.Civ.P. 54. Although the liability issue in this case is closed, the amount of damages is as yet undetermined. This would leave the more hotly contested damages issue to be appealed at a later date. It the interest of conservation of judicial resources, the injunction will be issued when the damages issue is decided so that both issues may be appealed together.

*Damages Issues*

The measure of damages in an infringement case is "the difference between [the patent owner's] pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 507 (1964). There must be adequate evidence in the record to recover lost profits. This requires evidence of "a causal relation between the infringement and its loss of profits." *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1218 (Fed.Cir.2001). Where the evidence is inadequate to establish lost profits, a Court must determine a "reasonable royalty rate." 35 U.S.C. § 284; *Lindemann Mashinenfabrik GmbH v. American Hoist & Derrick Co.*, 895 F.2d 1403 (Fed.Cir.1990). [FN9] Under either a lost profit or reasonable royalty measure, the patent holder must "reconstruct the market to project economic results" of what would have occurred had the market developed absent the infringing product or what agreement would have resulted had a hypothetical negotiation over royalty rates occurred. *Ericsson, Inc. v. Harris Corp.*, 352 F.3d 1369, 1377 (Fed.Cir.2003); *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1311 (Fed.Cir.2002).

> FN9. In determining a reasonable royalty rate, the Court is to consider, to the extent there is evidence on the record, the factors listed in *Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y.1970). See *Dow Chemical Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381-82 (Fed.Cir.2003); *Lindemann Mashinenfabrik GmbH v. American Hoist & Derrick Co.*, 895 F.2d 1403 (Fed.Cir.1990); *Devex Corp. v. Gen. Motors Corp.*, 667 F.2d 341 (Fed.Cir.1981); *National Presto Indus. v. Black & Decker (U.S.), Inc.*, 760 F.Supp. 699, 701 (N.D.Ill.1991).

*Pre-Trial Damages--Correction of Factual Finding of Number of Units Sold*

*7 In the August Opinion, Fact Finding number 16, I found that, "Between February 13, 1997, and February 23, 2000, Rosco has sold in excess of 150,000 Hawk Eye mirrors." In making this finding I explicitly relied on Rosco's Revised Findings of Fact 5. Rosco now argues that the proposed Finding of Facts submitted by Rosco counsel never became part of the pre-trial order, [FN10] and argues that the 150,000 number was a typographical error. Rosco requests that I reconsider this factual finding as the only evidence submitted at trial concerning the number of mirrors sold was testimony by Rosco Owner and Vice President of Finance, Daniel Englander, that 90,000 mirrors were sold. Trial Tr. 479, March 9, 2000. This evidence was undisputed at trial and in fact was relied on by Mirror Lite in the "lost profits" section of its Post Trial Brief on Remaining Issues. As there was no evidence in the record to support the fact that 150,000 Hawk Eye Mirrors were sold, it was a mistake to so find. As the trial evidence is uncontroverted that only 90,000 mirrors were sold, I now find that 90,000 mirrors were sold and that such number should be used in the determination of damages.

> FN10. "Rule 16 (of the Federal Rules of Civil Procedure) indicates that only

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

admissions made at a pre-trial conference and incorporated in a pre-trial order are binding." Fed.R.Civ.P. Rule 16; *Taylor v. Allis-Chalmers Mfg. Co.,* 320 F.Supp. 1381, 1384 (E.D.Pa.1969), *affirmed,* 436 F.2d 416 (3rd Cir.1970). "Proposed findings submitted by counsel are no more than informal suggestions for the sole purpose of assisting the court." 7 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2578; *American Elastics v. U.S.,* 84 F.Supp. 198, 199 (S.D.N.Y.1949). Thus, the proposed findings of fact have no evidentiary significance. *City of Cleveland v. Cleveland Elec. Illuminating Co.,* 538 F.Supp 1257,1280 (N.D.Ohio 1980) (the plaintiff has utterly failed to direct the Court's attention to any legal authority which would support [its] rather novel contention that proposed findings of fact ... may properly serve as evidentiary admissions").

*Pre-Trial Damages: Reopening Discovery*

Mirror Lite filed a sur-reply arguing that my consolidation of the 1996 and 1999 cases "did not allow time for either party to make any discovery or retain any experts concerning the damages issue prior to the start of the trial on March 6, 2000" and that accordingly Mirror Lite believed that the damages issue would be heard and tried later and after full discovery. Mirror Lite thus requests that both it and Rosco now be allowed to conduct full discovery on damages, if any, occurring both before and after trial.

However, Mirror Lite never moved to bifurcate the issue of damages. It did not complain that it had inadequate time to conduct discovery on the damages issue. It presented a witness on the issue of damages and briefed the issue in its post-trial submissions. Mirror Lite did not appeal my consolidation order or its obligation to try damages. Accordingly, Mirror Lite will not be permitted to reopen the damages issue at this late date.

*Post-Trial Damages: Scope of Discovery*

This Court's August 26, 2005 Memorandum and Order allowed Mirror Lite to conduct discovery on post-trial damages issues:

> Mirror Lite may, however, take additional discovery concerning: (1) whether and to what extent Rosco continued to sell Hawk Eye and Mini Hawk Eye mirrors after the trial; and (2) post-trial revenue, costs, and profits Rosco has earned or incurred through sale or manufacture of Hawk Eye and Mini Hawk Eye mirrors.

While Mirror Lite has been permitted to conduct discovery on post-trial revenue, costs, and profits Rosco has earned or incurred through sale or manufacture of Hawk Eye and Mini Hawk Eye Mirrors, this discovery is not intended to supplement evidence of Mirror Lite's pre-trial damages. As already stated in the August Opinion, "to the extent that Mirror Lite failed to meet this burden at trial, it will not be permitted to supplement the record to close any evidentiary gaps."

*8 Each of Mirror Lite's interrogatories and document production requests ask for information and documents for "the period of December 31, 1996 to March 6, 2000" and "the period of March 7, 2000 to the present." The period of December 31, 1996 to March 6, 2000 is the pre-trial period. Discovery on these issues is closed and Mirror Lite will not be permitted to use discovery on post-trial damages to supplement the evidence it has already presented on pre-trial damages.

Interrogatories 1-3 and Requests for Production 1-4 request information on "mirrors" generally or on "all mirrors" without limiting their scope to Hawk Eye and Mini Hawk Eye mirrors. The discovery order specifically limited discover to issues of "post-trial revenue, costs, and profits Rosco has earned or incurred through sale or manufacture of oval Hawk Eye and Mini Hawk Eye mirrors." Thus, interrogatories and requests for production on Rosco's production, manufacture and sales of mirrors generally is beyond the scope of permissible discovery.

Rosco further argues that as some Hawk Eye and Mini Hawk Eye Mirrors have a constant radius of curvature and are thus not infringing, Mirror Lite should not be allowed any discovery as to these mirrors. In order to facilitate discovery Rosco suggests that the magistrate judge appoint an independent accountant to audit all of Rosco's books and records and provide an accounting report concerning information only on post-trial varying radii of curvature mirrors.

This solution is inadequate. Rosco is only now contending that some Hawk Eye and Mini Hawk Eye mirrors do not infringe. This may very well be the case. However, Mirror Lite is entitled to determine for itself whether or not some Hawk Eye and Mini Hawk Eye mirrors have a constant radius of

curvature and thus do not infringe. An independent accountant is not qualified to investigate the mirrors and make such a determination. Thus, Mirror Lite will be permitted to conduct its own discovery and will not be limited only to a report by an independent accountant. However, discovery of revenues and costs may be limited to those mirrors which are *prima facie* infringing.

Finally, Rosco objects that Mirror Lite's interrogatories and production requests ask for information about hardware that is nowhere recited in the claims found to be infringed such as supplier names and cost of "tripod mounting brackets" "mounting bases, "cross view arms," "mirror arms," "trigger grip bases," "goosenecks," "twist arms," and "bracket kits." [FN11] Rosco is correct that these components are not themselves alleged to have infringed. However, to the extent Mirror Lite will attempt to establish a "reasonable royalty rate" it may be relevant to know the full construction cost of the infringing mirrors, not just the cost of the infringing components. This will assist Mirror Lite in determining the value of the infringing components to Rosco and what part of Rosco's profit may be attributed to the infringing components. *Austral Sales Corp. v. Jamestown Metal Equipment Co., 45 F. Supp 360 (W.D.N.Y 1942)* (calculating a reasonable royalty based on the infringer's profits). Thus, discovery on this issue is permitted.

> FN11. Interrogatories 10 and 11; Requests for Production 12 and 13.

## CONCLUSION

*9 For the reasons set forth above, Mirror Lite's request for a permanent injunction is granted and its amended proposed permanent injunction, excepting ¶ 2(b) will be entered upon resolution of the remaining damages issues. The pre-trial sale figure of 90,000 infringing mirrors is adopted. Discovery is precluded as to inquiries concerning the December 31, 1996 to March 6, 2000 period and to the extent it requests information on "all mirrors" or on "mirrors" generally.

The Clerk is directed to furnish a filed copy of the within to all parties and to the Magistrate Judge.

SO ORDERED.

Slip Copy, 2006 WL 2844400 (E.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

- 2006 WL 3833076 (Expert Report and Affidavit) Declaration of Lorcan M. Folan (Nov. 20, 2006)

- 2006 WL 3850677 (Trial Motion, Memorandum and Affidavit) Mirror Lite's Summary Judgment Motion for Infringement (Nov. 10, 2006)

- 2006 WL 3900571 (Expert Report and Affidavit) Declaration of Daniel M. Swain in Support of Mirror Lite's Motion for Summary Judgment for Infringement (Nov. 10, 2006)

- 2006 WL 3900574 (Partial Expert Testimony) Deposition of Peter Sinclair (Oct. 27, 2006)

- 2006 WL 2929272 (Expert Report and Affidavit) Declaration of Benjamin Englander (Sep. 12, 2006)Original Image of this Document with Appendix (PDF)

- 2006 WL 2929273 (Expert Report and Affidavit) Declaration of Peter Sinclair (Sep. 12, 2006)Original Image of this Document (PDF)

- 2006 WL 3900572 (Expert Report and Affidavit) Declaration of Benjamin Englander (Sep. 12, 2006)

- 2006 WL 3900573 (Expert Report and Affidavit) Declaration of Peter Sinclair (Sep. 12, 2006)

- 2005 WL 2892752 (Trial Motion, Memorandum and Affidavit) Rosco's Reply to Mirror Lite's Opposition to Rosco's Request for Reconsideration Concerning the Post-Trial Discovery (Sep. 30, 2005)

- 2005 WL 2892749 (Trial Motion, Memorandum and Affidavit) Rosco's Memorandum of Law in Opposition to Mirror Lite's Motion for a Permanent Injunction (Sep. 21, 2005)

- 2005 WL 5088299 (Expert Report and Affidavit) (Report or Affidavit of Thomas F. Barnes) (Sep. 2, 2005)

- 2005 WL 2892745 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion for Permanent Injunction Following Judgment of Infringement (2005)

- 2001 WL 34764439 (Trial Motion, Memorandum and Affidavit) Affidavit of William P. Schmidt (2001)

- 2001 WL 34764440 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Defendant's

Motion for Summary Judgment (2001)

• 2000 WL 34498426 (Trial Motion, Memorandum and Affidavit) Defendants' Supplemental Memorandum Supporting Motion to Strike New Defense Grounds 35 U.S.C. § § 102(e) and 103 (Mar. 8, 2000)

• 2000 WL 34498421 (Trial Motion, Memorandum and Affidavit) Plaintiffs Trial Memorandum (Jan. 10, 2000)

• 1999 WL 33929954 (Trial Pleading) Request for Reconsideration of Grant of Summary Judgment on Count V of the First Amended Complaint (Jun. 14, 1999)

• 1998 WL 34321460 (Trial Pleading) Defendant's Responses to Plaintiff's First Set of Requests for Admissions (Jan. 20, 1998)

• 1997 WL 33789612 (Trial Pleading) Second Amended Complaint (Jul. 1997)

• 1997 WL 33789613 (Trial Pleading) Defendant's Answer to First Amended Complaint (Mar. 4, 1997)

• 1:96cv05658 (Docket) (Nov. 19, 1996)

• 1996 WL 34392164 (Partial Expert Testimony) (Partial Testimony of Benjamin Englander) (1996)

END OF DOCUMENT



HUNTON & WILLIAMS LLP
SUITE 1000
500 EAST MAIN STREET
NORFOLK, VIRGINIA 23510

TEL   757 • 640 • 5300
FAX   757 • 625 • 7720

GREGORY N. STILLMAN
DIRECT DIAL: 757-640-5314
EMAIL: GSTILLMAN@HUNTON.COM
FILE NO: 56614.14

January 19, 2007

*Via Facsimile*

Jeffrey G. Randall, Esq.
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94306

<u>MercExchange v. eBay, Inc., Half.com, Inc.</u>

Dear Jeff:

    We will be representing Alfred Weaver and are in receipt of your January 11, 2007 subpoena issued in Virginia. Mr. Weaver objects to the requests in this subpoena as being overly broad and unduly burdensome, as well as seeking documents that are proprietary, highly confidential, and/or are protected by the attorney-client privilege. Mr. Weaver further objects to these requests as being outside the scope of the limited discovery permitted by the Court's December 18, 2006 Order and Opinion. Based on these objections, Mr. Weaver does not plan on responding to this subpoena until we can have a "meet and confer" regarding these requests.

    Best regards.

Yours sincerely,

Gregory N. Stillman

01368/05953

cc:   Allan M. Soobert, Esq.
      Robert W. McFarland, Esq.
      Seth P. Waxman, Esq.

ATLANTA  BANGKOK  BEIJING  BRUSSELS  CHARLOTTE  DALLAS  HOUSTON  KNOXVILLE
LONDON  McLEAN  MIAMI  NEW YORK  NORFOLK  RALEIGH  RICHMOND  SINGAPORE  WASHINGTON
www.hunton.com

**EXHIBIT D**

## Stillman, Greg

From: Stillman, Greg
Sent: Tuesday, January 23, 2007 12:13 PM
To: Jeff Randall (E-mail)
Subject: eBay

*Jeff: when can we discuss the document production? I'm in New York all week, but could find some time for a phone conference if you are available. Thanks.*

EXHIBIT E



# HUNTON&
# WILLIAMS

HUNTON & WILLIAMS LLP
SUITE 1000
500 EAST MAIN STREET
NORFOLK, VIRGINIA 23510

TEL: 757-640-5300
FAX: 757-625-7720

GREGORY N. STILLMAN
DIRECT TEL: 757-640-5314
EMAIL: GSTILLMAN@HUNTON.COM

FILE NO: 56614.000014

February 6, 2007

**Via Hand Delivery**

Honorable James E. Bradberry
United States District Court
Eastern District of Virginia
600 Granby Street
Norfolk, VA 23510-2449

> MercExchange v. eBay, Inc., Half.com, Inc. and ReturnBuy, Inc.
> Civil Action No. 2:01cv736

Dear Judge Bradberry:

As you know, last year the Federal Circuit remanded this case back to the District Court for reconsideration of its refusal to grant injunctive relief. Pending the scheduling of that hearing, Judge Friedman's order of December 18, 2006, granted eBay's motion for additional discovery, although not without limits. Judge Friedman's Order further provided:

> "In the event that discovery disputes arise, the parties must contact Magistrate Judge James Bradberry no later than February 6, 2007 to determine an expedited discovery dispute procedure."

Since this order was issued, eBay has served numerous non party subpoenas on third parties all over the country. Upon receipt of those subpoenas, MercExchange notified eBay by letter, and by formal written pleading, of its objections to these subpoenas as exceeding the scope of discovery allowed by Judge Friedman's order, and on other grounds including relevance and burdensomeness. Notwithstanding Judge Friedman's Order, eBay has now filed five separate motions to compel in four different jurisdictions. Moreover, these motions were filed without any conference between counsel. Needless to say, because relevancy is the principal basis for our objections, these objections can only be resolved by this Court. Moreover, eBay's protocol clearly violates the scope of Judge Friedman's order which requires that all discovery disputes come back to you.

MercExchange will this week be filing a motion for protective order in this Court, seeking to preempt the necessity for five separate hearings all over the country. But because

**EXHIBIT F**



Honorable James E. Bradberry
February 6, 2007
Page 2

Judge Friedman's Order requires notification to your Honor no later than today, I wanted to advise the Court of our need to seek this relief.

Respectfully,

Gregory N. Stillman

cc: Robert W. McFarland, Esq. (via facsimile)
Allan M. Soobert, Esq. (via facsimile)
Jeffrey G. Randall, Esq. (via facsimile)