CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 12 2007

JOHN F. CORCORAN, CLERK
BY: /s/ [signature]
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

MERCEXCHANGE, L.L.C.,

        Plaintiff,

v.

EBAY, INC., and HALF.COM, INC.,

        Defendants.

**Civil Action No. 3:07-mc-00004-bwc**

(Case No. 2:01cv736, Pending in the United States District Court for the Eastern District of Virginia)

## RESPONDENT ALFRED WEAVER AND MERCEXCHANGE, L.L.C.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DOCUMENTS IN CONNECTION WITH SUBPOENA DUCES TECUM AND IN SUPPORT OF MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENAS

## I.     INTRODUCTION

Respondent Alfred Weaver ("Weaver") and the plaintiff in the underlying action, MercExchange, L.L.C. ("MercExchange"), respectfully request that the Court deny the Motion to Compel brought by Defendants eBay, Inc. and Half.com, Inc. (collectively "defendants" or "eBay") and that the Court quash the subpoenas issued upon Weaver, and/or that the Court defer resolution of this matter to the United States District Court for the Eastern District of Virginia ("the Trial Court"), the Court that presided over the trial of the underlying litigation.

First, defendants' document and deposition subpoenas upon Dr. Weaver ignore the limitations on the scope of discovery established by the Trial Court. Indeed, defendants' arguments to the effect that they require "infringement discovery" from Dr. Weaver are highly misleading; there are no infringement issues currently pending before the Trial Court. And contrary to defendants' allegations, nowhere in the Trial Court's order did that Court authorize discovery of Dr. Weaver.

Dockets.Justia.com

Dr. Weaver is a Computer Science Professor at the University of Virginia who served as an expert witness at the trial of this matter with respect to infringement and validity issues. Those issues have been fully tried and affirmed on appeal, and are not a part of the limited issues now pending before the Trial Court.

Second, defendants wholly omit informing this Court that the Trial Court's Order authorizing limited post-appeal discovery specifically appointed Magistrate Judge James Bradberry of that Court to resolve any discovery disputes. That Court's Order *required* the parties to contact Magistrate Judge Bradberry in order to resolve such disputes in an expedited manner, in light of that Court's familiarity with the issues in the case and the limitations on the scope of discovery. In an apparent effort to avoid those limitations, defendants asked this Court to resolve these issues, without contacting Magistrate Judge Bradberry as the Trial Court mandated. However, MercExchange has contacted Magistrate Judge Bradberry and has filed a motion for protective order with respect to defendants' overreaching subpoenas, and that Court has indicated it will hear that matter during the week of February 12.

Third, defendants' contention that Dr. Weaver's counsel ignored or avoided a "meet-and-confer" with respect to this subpoena is absolutely incorrect. Just the opposite, Dr. Weaver's counsel made several attempts to meet and confer with defendants' counsel, and continued to do so after defendants filed this unwarranted motion.

Accordingly, MercExchange and Dr. Weaver respectfully request that the Court deny defendants' motion in its entirety and that the Court quash the deposition and document subpoenas served upon Dr. Weaver.

## II. BACKGROUND

The underlying litigation was initiated in September 2001, when MercExchange sued

eBay for infringement of three patents, U.S. Patent No. 5,845,265 ("the '265 Patent"), U.S.

Patent No. 6,085,176 ("the '176 Patent"), and U.S. Patent No. 6,202,051 ("the '051 Patent").

The case was litigated extensively, culminating in a five-week jury trial in April and May of

2003. The jury determined that defendants willfully infringed MercExchange's '265 Patent, and

the jury rejected defendants' invalidity defenses in their entirety.[1] The District Court entered

judgment on the jury verdict in August 2003, but at that time denied MercExchange's post-trial

motion for permanent injunction against continued infringement. *See generally MercExchange,*

*L.L.C. v. eBay, Inc.,* 275 F. Supp.2d 695, 711-15 (E.D. Va. 2003). Defendants appealed the

infringement and validity verdicts to the Federal Circuit, and MercExchange cross-appealed the

Trial Court's denial of the permanent injunction and the ruling of summary judgment of

invalidity with respect to the '051 Patent. In March 2005, the Federal Circuit issued its ruling on

the appeal and affirmed the verdict of defendants' willful infringement and the validity of the

'265 Patent. *See generally MercExchange, L.L.C. v. eBay, Inc.,* 401 F.3d 1323 (Fed. Cir. 2005).

The appellate court also reversed the Trial Court's denial of permanent injunctive relief for

MercExchange, and it reversed the Trial Court's holding of invalidity of the '051 Patent,

directing that the case be remanded for trial with respect to the '051 Patent.

eBay subsequently petitioned the United States Supreme Court for a *writ of certiorari*

solely with respect to the permanent injunction issue. In May 2006, the Supreme Court issued its

---

[1] Before trial, the Trial Court held that MercExchange's '051 Patent was invalid under Section 112 of the patent laws. As noted *infra,* that ruling was later reversed by the United States Court of Appeals for the Federal Circuit. The jury also held that defendants had infringed the '176 Patent, but the Federal Circuit held that the asserted claims of that patent were invalid.

ruling and held that both the Trial Court and the Federal Circuit had failed to apply the correct analysis with respect to that issue. *eBay, Inc. v. MercExchange, L.L.C.*, ___ U.S. ___, 126 S. Ct. 1837, 1840 (2006). The Court directed that the Trial Court reconsider MercExchange's request for a permanent injunction under the four-factor standard articulated in the Supreme Court's opinion. *Id.* at 1839-41.

Meanwhile, ten months after the jury verdict in this case, and while the appeal was pending before the Federal Circuit, eBay belatedly petitioned the Patent and Trademark Office ("PTO") for a reexamination of the '265, '176, and '051 Patents.[2] Those reexamination proceedings remain pending before the PTO and no final decision has been reached. However, the Trial Court's affirmed judgment of defendants' infringement and validity of the '265 Patent cannot be affected by the PTO's decision. Moreover, even if the PTO Examiners render a negative decision with respect to the validity of any of the claims of MercExchange's patents, MercExchange would have the opportunity to appeal that decision to the PTO's Board of Patent Appeals and ultimately the Federal Circuit, the same Court that has already held the '265 Patent to be valid.

Following the Supreme Court's decision and the return of the mandate of this case from the Federal Circuit, the Trial Court conducted a scheduling conference with the parties to determine what issues remained for resolution. The parties identified a number of issues yet to be resolved in this litigation, not the least of which includes a trial on the '051 Patent as well as an accounting and possible enhancement of damages for defendants' post-verdict infringement

---

[2] Of course, by this time defendants' invalidity defenses with respect to the '265 Patent had already been rejected by the jury, and the Federal Circuit had defendants' appeal of that verdict before it. The Federal Circuit affirmed that verdict in March 2005, even after defendants informed the appellate court that they had requested reexamination of the patent.

of the '265 Patent. *MercExchange,* 275 F. Supp. 2d at 714-15 (stating that Court would consider

enhancing damages if defendants continued to infringe). Importantly, however, the Trial Court

determined that it would *not* proceed with respect to all of these issues but that, instead, it would

consider only two issues at this time, first, MercExchange's renewed motion for a permanent

injunction and, second, defendants' request that the entire proceeding be stayed pending the

results of eBay's belatedly-sought reexamination.[3] Thus, for example, the Trial Court

determined that it would not yet proceed with the trial of the '051 Patent case, or the issue of an

accounting or enhancement of damages for defendants' willful post-verdict infringement.

The parties then briefed the permanent injunction and stay issues to the Trial Court. With

its pleadings, MercExchange provided declarations addressed to the four-factor test for

injunctions and specifically to the irreparable harm that would result to MercExchange if the

Court did not enter an injunction, or if the Court were to stay the proceedings indefinitely

without first enjoining defendants. MercExchange's trial expert, Dr. Alfred Weaver, was *not*

one of those declarants. Indeed, Dr. Weaver has no connection with either of the two motions

pending before the Trial Court. Rather, Dr. Weaver served as an expert witness at the trial of

this case with respect to infringement and validity issues pertaining to the '265 Patent; these

issues have been fully tried and affirmed on appeal. *See MercExchange,* 401 F.3d at 1327-31.

In this Court's Order and Opinion dated December 18, 2006, the Court held that it was

proper for MercExchange to have submitted fresh evidence with respect to its need for a

---

[3] Reexamination proceedings have in some instances taken as many as ten years to resolve. eBay recently filed a request with the PTO seeking to initiate *another* reexamination proceeding, revealing that its reexamination gambit is nothing more than a delay tactic to prolong this litigation indefinitely.

permanent injunction.[4] Exhibit A, Order and Opinion of Dec. 18, 2006 ("Post-Appeal Order") at 6-7. On defendants' request for discovery relating to this new evidence, however, the Court determined that it would permit very *limited* discovery. Specifically, the Court held, *"all discovery requests must be confined to the investigation into events occurring subsequent to this Court's denial of MercExchange's initial Motion for an injunction."* Post-Appeal Order at 15-16 (emphasis added). The Court further emphasized, "[t]o reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings." *Id.* at 17. The Court also held that "[i]n the event that discovery disputes arise, the parties *must* contact Magistrate Judge James Bradberry [of the Eastern District of Virginia] no later than February 6, 2007 to determine an expedited discovery dispute procedure." *Id.* at 16 (emphasis added).

Although defendants contended that they required leave to take discovery regarding the declarations that supported MercExchange's post-appeal pleadings, instead, defendants served subpoenas on, *inter alia,* MercExchange's trial expert Dr. Weaver, and MercExchange's law firm Fish & Richardson, as well as others. And on February 8, 2007, defendants served a deposition subpoena on Dr. Weaver as well.

## III.    ARGUMENT

The Court should deny defendants' motion and quash defendants' document and deposition subpoenas upon Dr. Weaver for at least the following reasons. First, Dr. Weaver has no documents in his possession or other information relevant to the limited issues pending before the Court at this time, and accordingly defendants' subpoena is outside the limited scope of

---

[4] Although eBay contended that it was relevant that the PTO was considering post-trial reexaminations of the patents-in-suit, it argued that MercExchange's evidence should have been limited to that which existed at the trial of the case.

discovery as set by the Trial Court's December 18 Order. Second, for the very reason that the Trial Court anticipated there might be disputes over the scope of discovery, the Trial Court specifically *required* the parties to bring any discovery disputes before Magistrate Judge Bradberry. Rather than comply with the Trial Court's Order, defendants brought a motion to compel in this Court and did nothing to even notify the Trial Court that there is a dispute. Third, defendants failed to make a genuine effort to meet and confer before filing this motion and, contrary to their allegations, Dr. Weaver's Counsel did not ignore or avoid meeting and conferring with respect to these issues.

**A.  Defendants' Subpoenas Violate The Limitations For The Scope Of Discovery As Established By The District Court In The Underlying Litigation.**

Defendants' boilerplate recitation of the law with respect to the scope of discovery is inapposite, because in this instance the Trial Court, after careful consideration, has specifically limited the scope of discovery in light of the unique posture of this litigation. Defendants' subpoenas blatantly ignore the limitations on the scope of discovery established by the Trial Court's Post-Appeal Order. That Court specifically limited the parties to discovery relevant to the two motions pending before the Court, *viz.,* MercExchange's request for a permanent injunction, and defendants' request for a stay of all proceedings. In light of the Court's decision to consider only these two motions, no issue of infringement or validity is currently before that Court. Indeed, defendants' willful infringement of the '265 Patent stands conclusively adjudged.

With respect to Dr. Weaver, the documents sought by defendants have no relevance to the limited issues currently pending before the Trial Court. *See* Exhibit B (Weaver subpoena duces tecum). Defendants appear to be under the misguided belief that the Trial Court is giving them a new trial with respect to infringement of the '265 Patent. Certainly, that is not the case. There is an affirmed jury verdict that defendants willfully infringed MercExchange's '265

Patent, and no issue of defendants' infringement of that patent is before the Trial Court at this time. Likewise, as discussed *infra,* the remainder of defendants' requests to Dr. Weaver are overbroad and improper. Indeed, defendants' subpoena upon Dr. Weaver is an intentionally intrusive subpoena intended to invade upon the attorney-client privilege with respect to issues that are not even pending before this Court.

Regrettably, defendants have made highly misleading arguments to this Court about the scope of the discovery that the Trial Court permitted. In the brief that defendants filed in support of their motion to compel, defendants represented that the Trial Court had expressly authorized discovery of Dr. Weaver. Defs' Br. at 5 ("the Discovery Order specifically authorizes discovery of Dr. Weaver"); 6 (referring to "the EDVA Court's express authorization to take discovery of Mr. Weaver"); 8 ("the EDVA Court has granted eBay the opportunity to fully investigate Mr. Weaver's involvement in the reexamination and his post-trial work for MercExchange"). Of course, defendants provided no citation for this proposition and there is none. The Trial Court made no such ruling. And to the contrary, the Trial Court ***denied*** defendants' request that MercExchange provide a control log for Dr. Weaver's communications pertaining to this case. *See infra* at 10-11.

In an equally meritless argument, defendants further contended in their brief that because Dr. Weaver was MercExchange's primary trial expert on infringement issues, his documents are likely to be essential to the pending issues before the Court because "eBay has since designed around this Patent." Defs' Br. at 4. Defendants further contended that they must "determine the basis for MercExchange's allegation that eBay continues to infringe the '265 Patent. As MercExchange's leading expert of [sic] this issue, Mr. Weaver's evidence it [sic] central to the determination of whether or not the EDVA Court will issue a permanent injunction." *Id.*

This argument from defendants is wholly lacking in merit. There is an *affirmed* jury verdict of defendants' willful infringement of the '265 Patent. *MercExchange,* 401 F.3d at 1327-31. Apparently, notwithstanding this affirmed verdict of infringement, defendants believe that MercExchange is under a burden to *again* prove that defendants infringe the '265 Patent in order to have a remedy for that infringement.

The infringement trial in this case is *over* with respect to the '265 Patent and defendants have exhausted their appeals. As such, under the law with respect to permanent injunctions, it is of no moment that defendants hint that they may have subsequently designed around the patent claims. A recent federal district court decision aptly summarizes the law with respect to this point:

> [Defendant] first urges that the injunction should be denied because it has ceased to manufacture and sell the infringing product. Cessation of production and sales *is not in and of itself sufficient "sound reason" to deny a permanent injunction. W.L. Gore & Associates, Inc. v. Garlock, Inc.,* 842 F.2d 1275, 1282 (Fed. Cir. 1988) (*"The mere fact that [infringer] was no longer making or selling the infringing filament and packing products is not a sufficient ground for denying an injunction against future infringement."*) *Rather, the request for an injunction should be denied only when "the evidence is very persuasive that further infringement will not take place." Id.* For example, where the infringer no longer had the manufacturing capacity to produce the infringing item, a permanent injunction was not appropriate. *Id.* In this case, the only evidence of [defendant's] cessation of infringement is its own statement that it has done so. If this sufficed for the "very persuasive" evidence that infringement had permanently ceased, few permanent injunctions would issue. As explained in *General Electric Co. v. New England Electric Mfg. Co.,* "The argument in such circumstances is very simple. If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest, the court should place a strong hand upon him." 128 F. 738, 740 (2d Cir. 1904).

*Rosco, Inc. v. Mirror Lite Co.,* 2006 W.L. 2844400, * 4 (E.D.N.Y. Sept. 29, 2006) (emphasis added) (attached as Exhibit C).

Accordingly, it is not only insufficient, it is legally irrelevant to the issues pending before the Court that defendants suggest they may have ceased their willful infringement.

But defendants' arguments are all the more lacking in merit because, as the Trial Court observed in its December 18 Order, defendants presented no evidence or argument to the Trial Court that they had in fact designed-around the claims of the '265 Patent. Although defendants publicly proclaimed after the trial that they had designed around the patent, when it came time to brief the pending issues before the Trial Court, defendants failed to present any such evidence. The Trial Court took special note of this, stating in its Post-Appeal Order, "*eBay appears to have failed to advance any evidence nor even make the express, yet uncorroborated, claim that it has in fact designed around the 265 Patent*." Order at 12, n.9 (emphasis added). In light of their failure to so much as proffer an argument that they have ceased infringement of the '265 Patent, their present contention that they require discovery from Dr. Weaver in order to get a grasp of MercExchange's infringement theories is wholly without merit.

Thus, contrary to what defendants have represented to this Court, there is no issue of infringement currently being considered by the Trial Court. Defendants failed to present any evidence or argument that they no longer infringe the '265 Patent, and even had they done so, under the governing law that would not impact on whether a permanent injunction should enter. MercExchange is under no burden to prove for a second time that defendants infringe the '265 Patent in order to be entitled to a remedy for the willful infringement proven at trial.

It appears defendants also seek to subpoena Dr. Weaver in order to relitigate their protective order motion by having Dr. Weaver produce discovery relating to his declarations submitted in connection with reexamination proceedings before the PTO. Exhibit B (request nos. 1-4). These discovery requests are improper and beyond the scope of discovery of the December 18 Order. In response to a motion brought by defendants, the Trial Court expressly held that Dr. Weaver's declarations did not violate the protective order, and that Court *expressly*

*denied* defendants' request that Dr. Weaver provide a control log with respect to his communications regarding the reexamination proceedings. Post-Appeal Order at 23, 29. For defendants to demand this same information via subpoena — and to contend to this Court that the Trial Court had authorized that which it expressly denied — plainly ignores the Trial Court's Order with respect to the issue.

Accordingly, Dr. Weaver and MercExchange ask that this Court deny defendants' motion to compel and quash the subpoenas, as they violate the Trial Court's Post-Appeal Order.

**B.      Defendants Failed To Make Any Genuine Effort To Meet And Confer With Respect To The Issues Raised By This Motion.**

Moreover, defendants made no genuine effort to meet-and-confer with counsel before filing their salvo of "emergency" motions across the country, even though Dr. Weaver's and MercExchange's counsel specifically requested the opportunity to meet and confer. *See* Exhibits D and E. Instead, defendants contended to the other courts that MercExchange refused to meet and confer, when in fact it sought the opportunity to discuss these issues with defendants' counsel.

Moreover, the Trial Court specifically directed defendants to bring any discovery disputes before Magistrate Judge Bradberry of that Court for expedited consideration. Post-Appeal Order at 16. Defendants simply ignored the Trial Court's Order and sought relief in this Court, which is obviously less familiar with the important relevance and scope limitations attendant to this limited discovery period.

MercExchange contacted Magistrate Judge Bradberry on February 6 in order to request the Trial Court's intervention with respect to defendants' overreaching discovery. Exhibit F. And on February 9, MercExchange filed a motion for protective order with the Trial Court

pertaining to the subpoena upon Dr. Weaver and defendants' other subpoenas upon third parties. The Trial Court has indicated that it will hear this matter during the week of February 12.

Thus, as a threshold matter, MercExchange requests that this Court either deny the motion to compel and quash the subpoenas, or defer resolution of the scope of the subpoenas to the Trial Court. Clearly, that Court is in the best position to construe what its own order means. *Cf. Feller v. Brock*, 802 F.2d 722, 727-28 (4th Cir. 1986) ("[p]rudence requires that whenever possible, coordinate courts should avoid issuing conflicting orders"); *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (while issuing courts have authority to enforce subpoenas, "parties' discovery rights in [the issuing] district can rise no higher than their level in the district of trial"). While MercExchange recognizes that this Court has jurisdiction to enforce subpoenas issued from the Court, defendants should not be entitled to violate the Trial Court's Post-Appeal Order by enforcing its subpoena in an overbroad manner.

### C. The Scope Of Discovery Sought By Defendants Violates The Parties' Agreements With Respect To Expert Discovery.

Finally, defendants' subpoena upon Dr. Weaver violates the expert witness discovery procedures established for this litigation. Throughout this litigation, the parties agreed that they would not require the exchange of draft reports of their expert witnesses, nor would they require production of the communications between counsel and their respective expert witnesses. Indeed, throughout the five and one-half year course of this litigation, defendants have never provided drafts of their expert witnesses' reports, nor did they produce their communications with expert witnesses or even a privilege log with respect to their communications with their expert witnesses. In a complete about-face, defendants now insist that MercExchange must provide such drafts and communications. There is no legitimate reason, however, why there should be one rule for MercExchange and a different rule for defendants.

Dated: February 9, 2007

Respectfully submitted,

ALFRED WEAVER, Ph.D., and
MERCEXCHANGE, L.L.C.,

By: *Brent L. VanNor*

Gregory N. Stillman (VSB No. 14308)
Brent L. VanNorman (VSB No. 45956)
**HUNTON & WILLIAMS, LLP**
500 East Main Street
Suite 1000
Norfolk, Virginia 23510
Telephone (757) 640-5300
Facsimile: (757) 625-7720

Attorneys for Plaintiff
MercExchange, L.L.C. and Respondent
Alfred Weaver

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of February, 2007, I caused a copy of the foregoing **RESPONDENT ALFRED WEAVER AND MERCEXCHANGE, L.L.C.'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DOCUMENTS IN CONNECTION WITH SUBPOENA DUCES TECUM AND IN SUPPORT OF MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENAS** to be served as follows:

**By Hand Upon:**

Robert W. McFarland (VSB No. 24021)
Meghan M. Cloud (VSB No. 68044)
McGuire Woods, LLP
World Trade Center
101 West Main Street, Suite 900
Norfolk, VA 23510-1655
(757) 640-3700

**By Overnight Mail Upon:**

Jeffrey G. Randall
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue
Suite 1100
Palo Alto, CA 94301

Allan M. Soobert
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005